ROBERT MURPHY and others *v.* HARRISON, McCUBBINS and another.

A civil action in the nature of a bill in equity to surcharge and falsify an account stated, must be brought before the Judge of the Superior Court at the regular term of the Court, and not before the Judge of Probate.

If an executor or administrator refuse to bring an action to surcharge and falsify an account by which his testator's or intestate's estate has been injured, such action may be brought by the legatees or next of kin, and in doing so, they should make the executor or administrator a party defendant together with the other defendant.

The cases of *Tate* v. *Powe*, 64 N. C. Rep. 644, *Nance* v. *Powell*, 4 Ired. Eq. 297, *Fleming* v. *McKesson*, 3 Jones Eq. 316, cited and approved.

This was a civil action brought before the Judge of the Superior Court of ROWAN County, at the regular Term of the Court, and at the Fall Term, 1870, thereof, a motion was made by the counsel for the defendants to dismiss the suit for want of jurisdiction, which was granted by his Honor, *Henry, J.*, and the plaintiff appealed. The facts are sufficiently stated in the opinion of the Court.

*Boyden & Bailey*, for the plaintiffs.
*Blackmer & McCorkle*, for the defendants.

DICK, J. The merits of this controversy are not before us for determination. The appeal is from a decision of his Honor upon a question of jurisdiction. The allegations of the complaint present a case which, under our old judicial system, was only cognizable and relievable in a Court of Equity.

The intestate, William Murphy, was the surviving partner of the firm of J. & W. Murphy, and wound up the business of the co-partnership. He was also co-executor with the defendant, James Murphy, of the estate of his co-partner, John Murphy.

In 1853, the said executors made a final return of their administration of the estate, which professed to include the amount due the estate from said co-partnership.

The plaintiffs settled with the executors upon this basis, which gave the final account the force and effect of an *account stated,* and was at law conclusive between the parties. A Court of Equity would have allowed the account to be opened, if important errors were specified and proved, and application made within reasonable time.    Adams Eq. 222.

The plaintiffs allege a very important error, and ask that they may be allowed an opportunity to surcharge and falsify said account, in that respect.    They give as a reason for their delay in the matter, the recent and accidental finding of the articles of said co-partnership, of which they had no previous knowledge, and which disclosed to them the error specified.

According to the allegations, the intestate, William Murphy, was a debtor to the estate of his testator, and had not accounted for such indebtedness in the final settlement *inter partes.*

The Ecclesiastical Courts of England could not take cognizance of such a case—and it does not come within the jurisdiction of a Judge of Probate, under our new system. The only remedy which the plaintiffs now have is by a civil action in the nature of a bill in equity, and the summons must be returned to the Court at term time.    *Tate* v. *Powe,* 64 N. C. R. 644.

The defendant, James Murphy, as the surviving executor of John Murphy, ought to have brought an action for the purpose of opening the account, and recovering the amount alleged to be due to the estate of his testator.    As he refused to do so upon the application of the parties interested, the plaintiffs, as legatees and next of kin, had a right to bring this action, and James Murphy was properly made a

defendant. *Nance* v. *Powell,* 4 Ird. Eq. 297 ; *Flemming* v. *McKesson,* 3 Jones Eq. 316.

The ruling of his Honor was erroneous and the judgment must be reversed.

Let this be certified.

PER CURIAM.                         Judgment reversed.