### J. T. LEACH v. THE WESTERN NORTH CAROLINA RAIL ROAD COMPANY.

A judgment is not void because no complaint has been filed.

The parties to an action may waive the *venue,* but cannot, by consent, give jurisdiction to a court. *Graham* v. *Charlotte & S. C. R. R. Co.,* 64 N. C. 631, cited and approved.

Motion to set aside judgment heard before *Watts, J.,* at Spring Term, 1871, ot WAKE Superior Court.

The facts are, that the defendant acknowledged service of the summons in this action, and agreed to waive the question as to

the suit being brought in a county other than the one through which the defendant's road ran. The plaintiff filed no complaint, nor did the defendant make any appearance. At the return term the plaintiff took judgment by default. The defendant moved to set aside the judgment because no complaint had been filed, and that the Court did not have jurisdiction of the subject matter.

His Honor being of opinion that the judgment was void, gave judgment accordingly, from which plaintiff appealed.

*Fowle & Badger* and *Phillips & Merrimon*, for the plaintiff.
*W. McL. McKay*, for the defendant.

READE, J. 1st. The objection to the jurisdiction is not well taken. It was not a question of jurisdiction but of *venue*, and it is competent for the parties to waive that objection, as was done in this case. *Graham* v. *Charlotte & S. C. R. R. Co.*, 64 N. C. 631. Where it is a question of the jurisdiction of the Court over the subject matter, the consent of the parties cannot give jurisdiction.

2. The judgment is not "void," because it was entered without a complaint in writing being filed.

A judgment without service of process is void, because the defendant is not in Court. But in this case the defendant was brought into Court by the summons, and being in Court he may confess judgment, or allow it to be entered by default, as was done in this case.

The "complaint" under the new system answers to the declaration under the old; and although regularly, it ought to be in writing, and filed at the commencement of the pleading; and although we do not wish to be considered as favoring loose practice, but the contrary, yet evidently, by consent, the complaint may be waived and judgment may be confessed or entered by consent. And even if the judgment for such a cause were irregular, it is certainly not void, and therefore the

irregularity might be cured by allowing a complaint to be filed whenever some afterthought of the defendant makes an objec-- tion as in this case.

There is error in the order vacating the judgment.

This will be certified, &c.

PER CURIAM.                                              Error..