BOND E. SEDBERRY *v.* THE BOARD OF COMMISSIONERS OF CHATHAM COUNTY.

## BOND E. SEDBERRY *vs.* THE BOARD OF COMMISSIONERS OF CHATHAM COUNTY.

1. Whether the General Assembly possesses the power to forbid the Board of Commissioners of a county to levy and collect a tax to pay an existing debt of the county, when such board is commanded to do so by the order of a Superior Court having jurisdiction of the matter and whether in such case the board must take the responsibility of deciding this question so that should the statute be held constitutional the return would be responsive and sufficient—otherwise the persons composing the board subject themselves to fine and imprisonment for contempt, *quere.*

1. The Statute, however, of 1871, Acts of 1870–'71, chap. 114, forbidding the Board of Commissioners of Chatham county from levying or collecting any other tax except for the accruing current expenses of the county, is relieved from the imputation of being unconstitutional, for while forbidding the levying of a tax, the scope and effect of it is to empower the Board to raise the necessary amount to discharge the liabilities of the county outstanding at the time of the ratification of the act, by issuing and selling in the market coupon bonds, and a mandamus lies to compel the issuing and sale thereof to pay debts outstanding when the act was passed.

3. The general rule is that no return to a peremptory mandamus is sufficient except that it has been obeyed, but if a statute be enacted, after such peremptory order, forbidding obedience and making obedience impossible, such new matter will of necessity constitute a sufficient return, provided the statute is constitutional and within the law-making power.

4. Per PEARSON, C. J., *arguendo :* If the only proper construction of the statute is that the creditors of the county are put to the alternative of accepting coupon bonds or be without remedy because the Board are forbidden to levy or collect any tax except for accruing current expenses of the county, thus making a direct conflict of power between the Judge of the Superior Court and the General Assembly as assumed by the counsel for each party, there would be much force in the objection that it impairs the obligation of contracts.

5. But this construction is too narrow and the one first indicated is the true one, not only as warranted by the terms of the act but by the well settled principle, governing the construction of statutes, namely, that where a statute admits of two constructions, one of which is consistent with the Constitution and the other is questionable as violative of good faith and as tending to impair the obligation of contracts—in other words, if a thing may be done in a right-

ful way or in a wrongful way, it shall be presumed to have been done in the rightful way.

5. In this case, on the coming in of the return, setting forth the provisions of the statute under consideration, the Court below should have modified the order so as to require the Board to raise the money in the mode provided, for the Act being constitutional protected the Board from the charge of contempt.

6. Ordinarily the successful party is entitled to costs of this Court, but they are refused in this case for peculiar reasons.

The case of *State* v. *Jones,* 1 Ire. 414, cited and approved.

This was a mandamus tried before His Honor, Judge Buxton at Fall Term 1871, of Cumberland Superior Court.

The plaintiff held a debt against the county of Chatham, due prior to, and at the date of the passage of the Act, March 7th, 1871, Acts 1870–'71, ch. 114, p. 176, and obtained a peremptory mandamus against the defendants, commanding them to levy and collect a tax sufficient to pay his debt.

The peremptory mandamus issued from Fall Term 1870, returnable to Spring Term 1871, and the defendants having at that time failed to perform its commands, a rule was granted against them to show cause why they should not be attached as for contempt.

At that term the defendants filed their answer to the rule, and relied upon the statute above-stated, which for the better understanding of the case is given in the foot note.*

---

*" AN ACT AUTHORIZING THE COMMISSIONERS OF CHATHAM COUNTY TO ISSUE BONDS."

SECTION 1. *The General Assembly, &c., do enact,* The Commissioners of Chatham county are hereby authorized to issue coupon bonds, not exceeding in amount twelve thousand dollars, in denominations of not less than twenty dollars, and not more than five hundred dollars.

SEC. 2. That the said bonds shall not be issued to contract any new debts against the county, but to fund such liabilities of the county as are outstanding at the time of the ratification of this Act.

His Honor deeming the return insufficient, ordered an attachment to issue against the gentlemen composing the Board from which order the Board appealed to this Court.

*B. & T. C. Fuller* for appellants.

I. The Judge erred in granting order to show cause. The plaintiff was entitled to proceed *as for contempt.* Vide Laws 1868–'68, p. 428, ch. 177. Sec. 4, p. 427, sec. 6. This falls under secs. 2, 8 and 9 of p. 428, 429.

II. The Commissioners had no power to levy the tax. Constitution, Art. V, sec. 1 and 7, for the power to tax—the subjects of taxation and the equation. See also *University R. R. Co.* v. *Holden*, 63 N. C. R., 410, the opinions of Pearson and Dick especially. And see *Winslow* v. *Com'rs of Perquimans*, 64 N. C. R., 218. *Pegram* v. *Com'rs. of Cleaveland*, 64 N. C. R., 557. *Gooch* v. *Gregory*, 65 N. C. R., 142. *Lutterloh* v. *Com'rs of Cumberland*, Ibid, 403.

III. The Commissioners were forbidden by the Legislature to levy such a tax as the plaintiff demanded. See Acts 1870–'71, *State* v. *Jones*, 1 Ire, 414.

Court may review any intermediate order. C. C. P., p. 119. sec. 313. C. C. P., p. 92, sec. 249, as to the relief demanded.

*John W. Hinsdale* for appellee.

Sec. 3. These bonds shall bear interest at the rate of six per cent· per year, payable annually, and that the coupons calling for such interest, shall be received by the sheriff in payment of county taxes.

Sec. 4. The principal of bonds so issued, shall be payable as follows : the first one-fourth of the principal of said bonds at the expiration of one year from the first day of September, one thousand eight hundred and seventy-one, and each succeeding like amount shall be payable in like manner, at intervals of one year from the time of payment of the issue immediately preceding it.

Sec. 5. That for the payment of the principal and interest of said bonds, the Commissioners of Chatham County are authorized to levy the necessary taxes as occasion may require from time to time, but they are forbidden to levy or collect any other tax, except for the accruing current expenses of the county.

Sec. 6. This act shall be in force from and after its ratification.

Ratified the 7th day of March, A. D., 1871.

The defendants have no right to appeal. *Ex parte Biggs*, 64 N. C. 203.

These are proceedings of a criminal character, for the purpose of punishing a contempt of Court. They are, therefore, independent of and distinct from the civil suit out of which they grow. The judgment or decree in that suit cannot be here reviewed, nor the regularity of the steps taken in that suit called in question. An irregularity cannot be taken advantage of collaterally. Cool. Cons. Lim 409. *Savage* v. *Hussey*, 3 Jones 149.

If the writ of mandamus which was served on the defendants was a valid process, a disregard of it amounts to a contempt of Court. and is punishable by attachment. Tapping on mandamus 421, 422, and cases there cited. No return to a peremtory suit of mandamus, except a certificate of obedience, will be received. Tapping on Mandamus, 7, 48. 3 Bl. Com. 111. 3 Steph. Com. 684.

A wilful disobedience of any process or order lawfully issued by any Court is a contempt. Laws of 1868–'69, ch. CLXVII.

The said writ was a valid process,

1. Because it issued from a Court which had jurisdiction both of the subject matter and of the parties.

2. Because the judgment or order for mandamus was valid, not void. Irregularities in the course of judicial proceedings, do not render the judgment void. Cool. Cons. Lim 408, 409.

3. Because the said judgment has never been set aside, and until this is done, it must be regarded for all purposes as a subsisting and a regular judgment. *Winslow* v. *Anderson*, 3 D. & B. 9. See also *Savage* v. *Hussey*, 3 Jones 149.

4. When a writ from a Court of competent jurisdiction is delivered to a sheriff, he is bound to execute it without inquiring into the regularity of the proceedings on which the writ is grounded. *Cady* v. *Quinn*, 6 Ired. 191.

II. The question whether the Constitution of North Carolina establishing the equation of taxation does not prevent a

county from providing for the payment of its debts existing when the Constitution was adopted, is *res adjudicata* so far as these defendants are concerned.

III. This question has been decided negatively by the Supreme Court of North Carolina, in the cases of *University R. R. Co.,* v. *Holden,* 63 N. C. 410, and *Pegram* v. *Commissioners of Cleaveland County,* 64 N. C. 557.

IV. The Act of the General Assembly of North Carolina, entitled "An act authorizing the Commissioners of Chatham county to issue bonds," laws of 1870–'71, p. 176, and ratified March 7, 1871, is unconstitutional and void.

1. It impairs the obligation of a contract. *Pegram* v. *Commissioners of Cleavelnnd county,* 64 N. C., 557 ; *Gooch* v. *Gregory,* 65 N. C., 142 ; *Sturges* v. *Crowninfield,* 4 Wheat., 206 ; *Green* v. *Biddle,* 826 ; *Ogden* v. *Saunders,* Ib. 233 ; *Bronson* v. *Kinzie,* 1 How., 311 ; *McCracken* v. *Haywood,* 2 Ib., 608 ; *Quackenbush* v. *Dawle,* 1 Comstock, N. Y., 129 ; *Jones* v. *Crittendon,* 1 Car. Law Rep·, 385 ; *Barnes* v. *Barnes,* 366.

2. It divests a vested right. *Hawthorne* v. *Calif,* 2 Wall, 10 ; *Bronson* v. *Kinzie,* 1 How., 311 ; *Hoke* v. *Henderson,* 4 Dev. 15 ; *Dartmouth College* v. *Woodward,* 4 Wheat., 519 ; *Cool. Cons. Lim.,* 353, 354, 362.

3. It deprives one of his property without due process of law. *Dartmouth College* v. *Woodward,* 4 Wheat. 519.

4. Its effect is to reverse a judgment of a Court. This is a judicial act. It therefore so far violates sec.    of the Constitution of North Carolina.

The defendants cannot take shelter behind a void act of the Legislature. The Constitution is the paramount law. They were commanded to act. They were obliged to obey. They were called on to decide upon the force of the law, and they disregarded the mandate of the Court at their peril. *Cool. Con. Lim.* 39, 41. "When a statute is adjudged to be unconstitutional, it is as if it never had been. Rights cannot be built up under it  *  *  *   It constitutes a protection to no

one who has acted under it, and no one can be punished for having refused obedience to it before the decision was made. *Cool. Con. Lim.*, 188. *Strong* v. *Daniel*, 5 Ired., 348. *Astrom* v. *Hammond*, 3 McLean, 107. *Meagher* v. *Storey Co.*, 5 Nev. 244, *McKethan* v. *Terry*, 64 N. C., 25.

A contempt of Court was likewise committed in refusing to obey the alias writ of mandamus. The summary attachment was proper. 3 *Chit.* Gen'l Prac. 606. *Tapping on Mandamus* 422, 424. *State* v. *Jones*, 1 Ired. 137.

But if the regularity of the proceedings in the suit may here be questioned, it it maintained that they have been in all respects regular.

The prayer of the complaint for a peremptory writ of mandamus in the first instance is proper. *Winston* v. *Commissioners of Perquimans county*, 64 N. C., 223 ; *Pegram* v. *Commissioneri of Cleaveland county*, Ib. 557.

As the subject of mandamus has been overlooked by the lawmakers, and has been left to judicial legislation, the Courts will be liberal in respect to forms used. The case of *Lutterloh* v *Bond*, of Commissioners of Cumberland county, was determined after the suit of *Sedbery* v *defendants* was decided. The pratice which is therein adopted, will not have a retroactive effect. *Bates* v. *Hinsdale*, 65 N. C. Especially as the present case conforms to the practice established by *Winslow* v. *Commissioners of Perquimans County*, 64 N. C. 223, and *Pegram* v. *Commissioners of Cleveland County*, ibid 557, theretofore decided.

PEARSON, C. J. According to the view of this case taken in the Court below and by the counsel of both parties in this Court, two very interesting questions were presented.

1. Has the General Assembly power to forbid the Board of Commissioners of a county from levying and collecting a tax, to pay an existing debt of the county, when the defendant is commanded to do so by the order of a Superior Court having jurisdiction of the matter?

2. Must the defendant take the responsibility of deciding this question, so that should the statute be held constitutional, the return is irresponsive and sufficient, otherwise the individuals composing the Board, subject themselves to fine and imprisonment for contempt?

It is settled *State* v. *Jones*, 1 Ired. 414. The general rule is no return can be made to a peremptory mandamus, except "that it has been obeyed," but should a statute be enacted, after such peremptory order, forbidding obedience or making obedience impossible, such new matter will, of necessity be a sufficient return, provided the statute is constitutional and within the power of the General Assembly.

It was assumed in the Court below and by the counsel on both sides in the argument before us, that the Act 7th of March, 1871, admitted only of the construction that the creditors of the county were put to the alternative of accepting coupon bonds on time, or be without remedy, because the Board of Commissioners are forbidden to levy or collect any tax except for the accruing current expenses of the county, thus raising the questions above set out, and making a direct conflict of power between the Judge of the Superior Court and the General Assembly.

If this be the proper construction of the statute, there is much force in the objection, that it impairs the obligation of contracts. But we are of opinion that this view of the statute is too narrow, and that the scope and effect of it, is to empower the Board of Commissioners of the county to raise the necessary amount, to discharge the liabilities of the county, outstanding at the time of the ratification of the Act, by issuing and selling in the market, coupon bonds, and in this way funding the debts of the county; according to this construction, the restriction that no other tax shall be levied except for accruing current expenses, is reasonable and proper; and the statute is relieved from the imputation of being unconstitutional and void.

This construction is not only warranted by the terms of the Act, but is called for by a well settled principle, that when a statute admits of two constructions, one of which is consistent with the Constitution, and the other is questionable, as violative of good faith, and tending to impair the obligation of contracts, the former should be adopted, in other words, if a thing may be done in a right way, or in a wrong way, it shall be presumed to have been done in the right way.

The peremptory mandamus required the Board of Commissioners "to levy the tax," on the coming in of the return, by which it was seen that the General Assembly had made provision for raising the money by a sale of bonds, and forbid the board from "levying the tax." His Honor fell into error by not modifying the order, so as to require the Board to raise the money in the mode provided, for according to the proper construction of the Act, it was constitutional, and protected the Board from the charge of contempt. *State* v. *Jones, supra.*

This course would have met the exigency and taken away all excuse for not instantly raising the money and paying it to the plaintiff.

Of course no difficulty was to be anticipated in regard to making sale of the bonds at a fair price, as the terms were reasonable and the bonds would, as seems to have been contemplated by the General Assembly, have been a good investment all doubt in regard to the power of the Board to issue them, being out of the question, and the remedy against the county to enforce payment, being plain and direct.

For the error in not modifying the order, the ruling of His Honor is reversed.

This will be certified to the end that further proceedings may be taken in the Court below, according to the view we have expressed.

The defendants were the first to adopt the misconception as to the meaning of the Statute, this was the occasion of the omission to modify the order. Throughout the proceed-

ings they have evinced but little anxiety to discharge their duty, and there has been a delay of justice. For this reason no costs are allowed. C. C. P., 278. The result the of ruling in this Court is in the nature of an order for a repleader, which is in effect a new trial."

PER CURIAM.                                        *Venire de novo.*