JOHN W. HOUSTON *v.* JOHN H. DALTON, Ex'r. of PLACEBO HOUSTON and others.

In an action, of the nature of a bill in equity to surcharge and falsify an account taken under a decree in a former suit, if the allegations of the complaint, upon which the plaintiff bases his equity to have such account and settlement re-opened, are denied in the answer, so that material issues of fact or law are raised by the pleadings, such issues of fact must be tried, before a motion of the plaintiff to re-open the account can be entertained.

When the allegations of a complaint present a case of equitable jurisdiction, as in an action to surcharge and falsify an account, such action is properly instituted in the Superior Court.

(*Murphy* v. *McCubbins,* 65 N. C. Rep. 246, cited and approved.)

CIVIL ACTION, in the nature of a bill in equity to surcharge and falsify an account, heard upon a motion to dismiss the same, by *Albertson, J.,* at the Special (August) Term, 1873, of ROWAN Superior Court, to which it had been by consent removed from the Superior Court of IREDELL county.

At the Fall Term, 1861, of the Superior Court of Law of Iredell county, the defendant, John H. Dalton, as executor

HOUSTON *v.* DALTON, EX'R. *et al.*

of Placebo Houston, and in the names of all others interested under the will of the said testator, filed an *ex parte* petition for a settlement of his testators' estate. It was referred to John A. Roseboro to take and state the account of the executor's administration of the estate, which was done and a report made, the same being confirmed by the Court.

The plaintiff in this action seeks to set aside that decree, and have the account retaken, &c., alleging errors in taking the first account, that the parties interested were not present, nor represented, that the rights of the minors were not protected, and many other irregularities which are alleged as vitiating the *ex parte* proceeding.

The answers of the executor, Dalton, and others, deny the material allegations in the complaint of the plaintiff, as well as the plaintiff's right to the relief demanded.

Upon the trial below, the plaintiff moved, upon the complaint, answers, and transcript in the original, *ex parte* petition of the defendant, Dalton, to set aside the decree confirming the report of Roseboro in that proceeding. This his Honor refused to do, upon the ground that no sufficient cause was shown to warrant setting the decree aside at this time.

The defendants then moved to dismiss the action, which motion the Court allowed and the action was dismissed. From which judgment the plaintiff appealed.

*Armfield* and *McCorkle & Bailey*, for appellant.
*Brown, Batchelor, Edwards* and *Batchelor*, contra.

BYNUM, J. Upon the coming in of the answer, the plaintiff moved to set aside the decree made in another suit, confirming the report of the settlement of the estate of Placebo Houston, which it was the purpose of this action to surcharge and falsify. His Honor refused the motion. The defendant then moved to dismiss the action for want of jurisdiction, which motion was allowed and the action dismissed. The plaintiff appealed from both rulings.

1. The first exception is untenable, because the answer denies every material allegation of the complaint, upon which the plaintiff bases his equity to have the account and settlement of the estate reopened.

When material issues are thus raised by the pleadings, both of fact and law, the issues of fact must be tried in one of the modes prescribed in C. C. P., before this motion of plaintiff can be entertained.

2. But his Honor dismissed the action for want of jurisdiction. In this there was error.

The allegations of the complaint present a case of equitable jurisdiction only, according to our old judicial system, and when such is the case, the action is properly instituted in the Superior Court. So a bill to surcharge and falsify an account, which is the nature of the action now before us, was always brought in the Court of Equity. Adams' Eq., 222; *Murphy v. McCubbins*, 65 N. C., 246.

Holding, therefore, that the action is instituted in the proper Court, it is not necessary to examine the effect of the acts of 1870–'71, chap. 108, and of 1872–'73, chap. 175, in curing all irregularities of jurisdiction. This Court, however, has decided that they are effectual for such purpose.

The judgment will be reversed and the cause remanded, to the end that the parties may proceed as they are advised. We express no opinion upon the merits of the case.

PER CURIAM.                                        Judgment reversed.