The plaintiff had obtained a judgment against the defendants for $1,643.93, and issued a notice to show cause why a (571)mandamus should not issue to the defendants, compeling the Board to levy taxes, c. Upon the return of the notice the defendants answered, which his Honor, holding to be insufficient, ordered a peremptorymandamus to issue, from which order defendants appealed. *Page 462 
The objection to the jurisdiction, that the action was brought in the county of Alleghany, where the plaintiff resides, instead of in Wilkes, where the defendants reside, and of which latter county they are the Board of Commissioners, would have been fatal, if it had been taken in apt time. It was not taken below, but was taken for the first time in this Court. And, although it is true that the objection that the Court has not jurisdiction of the subject matter may be taken at any time, yet it is otherwise when the Court has jurisdiction of the subject matter, but the venue is wrong. The objection to the (572) venue may be waived, and if not taken below it is to be taken as waived, and cannot be taken here. Leach v. R. R.,65 N.C. 486; Alexander v. Commissioners, 67 N.C. 331.
We agree with his Honor, that the defendants' return sets up no sufficient excuse for not paying the plaintiff his debt, and that a peremptory mandamus should issue. We are not informed whether the debt existed before the adoption of the Constitution or has been contracted since. And we see nothing in the case to make the enquiry important. The plaintiff's debt was in existence at the time when the Legislature passed the act requiring the debts of the county to be bonded, and directing a tax levy to pay the interest and one-fifth of the principal annually, and forbidding any other tax, upon which act the defendants rely, saying that they had levied the tax to pay one-fifth, c., and refused to levy any other tax. It may be considerate and prudent in the defendants not to oppress the people with a levy of taxes to pay all the debts of the countyin one year, but still, a creditor of the county can not be compelled, either by the Legislature or by the Board of Commissioners, to "bond" his debt and wait five years for its ultimate satisfaction. Some indulgence, it is true, must be allowed in order to enable the Board, through the usual machinery, to provide the funds, just as an individual is indulged until the machinery of the Courts can operate, which is supposed to be sufficient to give him reasonable time to provide funds to meet a debt. But levying taxes is not the only way which the defendants have to meet the plaintiff's debt. A liberal construction of the statute upon which they rely enables them not only to give a creditor a bond for his debt if he will take it and indulge the county, but if he will not take it, then to raise money by the issue of bonds, and with the money so raised to pay off the debt. *Page 463 Johnson v. Commissioners, 67 N.C. 101; Sedberry v. Commissioners,66 N.C. 486.
There is no error. This will be certified. (573)
PER CURIAM. Judgment affirmed.
Bank v. Comrs., 135 N.C. 252; Glenn v. Comrs., 201 N.C. 240.