W. R. GORDON, Admr., *v.* T. L. SANDERSON and others.

*Appeal—Requisites of Transcript.*

The appellate jurisdiction of this court being derived from that previously acquired in the court from which the cause is removed, no appeal will be entertained here, unless the transcript sent up shows the possession of that jurisdiction and that the cause was properly constituted in the court below.

(*Bradley* v. *Jones*, 76 N. C., 204, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1880, of PASQUO-TANK Superior Court, before *Graves, J.*

The case was remanded for the reason set out in the opinion of this court.

*Messrs. Gilliam & Gatling*, for plaintiff.
*Mr. C. W. Grandy*, for defendants.

2

SMITH, C. J.   The only portion of the record proper in this case, certified and transmitted from the superior court of Pasquotank, is the entry on the docket at fall term, 1878, in these words : " referred to Walter F. Pool to state account by order of court." The only facts communicated in connection with the defendants' overruled motion are contained in the statement of the case accompanying the appeal which cannot be received as a substitute for the absence of the record.   There is no complaint, no answer, no exception from which it can be seen what is the subject matter of the action, or the pertinency of the rulings presented for review. It seems needless to repeat, that inasmuch as our appellate jurisdiction is derived from that previously acquired in the court from which the cause is removed, the transcript must show the possession of that jurisdiction, and that the cause was then properly constituted, or the appeal will not be entertained.

The cause must therefore be remanded, each party paying his own costs, in accordance with the rule acted on in *Bradley* v. *Jones,* 76 N. C., 204.

PER CURIAM.                                        Remanded.