JOHN LITTLE v. H. F. McCARTER and others.

*Contract—Statute of Frauds—Consideration—Judgment.*

1. Where a promise is made to A to pay him one hundred dollars if he will buy B's land, and thereupon A buys the land ; *Held* that, in an action by A against the promisor to recover the one hundred dollars, the statute of frauds has no application.   The subject of the action is neither a contract for the purchase of an interest in land nor a promise to pay the debt of another.

2. The consideration necessary to support a promise must be a benefit to the party promising, or attended with trouble and inconvenience to the other party.   The facts of this case show there was a sufficient consideration.

3. A judgment is not void because no complaint has been filed, especially where the action was commenced in a justice's court and the defendant filed an answer to the oral complaint, thereby waiving the right to object to the omission of the plaintiff to file a written complaint.

LITTLE *v.* McCARTER.

(*Simms* v. *Killian*, 12 Ired., 252; *Johnson* v. *Johnson*, 3 Hawks, 556; *Leach* v.
*Railroad*, 65 N. C., 486, cited and approved).

CIVIL ACTION commenced before a justice of the peace and
tried on appeal at Fall Term, 1883, of ASHE Superior Court,
before *Avery, J.*

The defendants filed an answer to the oral complaint, by leave
of the judge.

On the trial the plaintiff testified in his own behalf, that one
Levi McCarter was trying to sell to him a tract of land, on
which the said McCarter resided, and demanded therefor two
thousand dollars, but the plaintiff offered him eight hundred
dollars, which he refused to take. The plaintiff then having
abandoned the idea of purchasing the land, left the house of
McCarter, and on his way home passed the house where the
defendants H. F. McCarter and G. C. McCarter resided. The
defendants told the plaintiff that Levi McCarter was a trouble-
some neighbor; that he turned his stock on their fields and
destroyed their grain; and agreed that if the plaintiff would go
back and purchase the land that they would pay one hundred
dollars of the purchase money. The proposal was not made in
writing, but the defendants promised that if the plaintiff would
buy the land they would execute a joint note for the one hun-
dred dollars. After this conversation with the defendants, he
went back to the house of Levi McCarter and bought the land
at the price of two thousand dollars, and settled upon it and has
lived there ever since, and that he was induced to buy the land
by the promise of the defendants to pay one hundred dollars, if
he would make the purchase and settle upon it, and that he did
buy it in August and moved to it the winter following.

Plaintiff further testified that after he had purchased the land,
the defendant H. F. McCarter promised to pay him two hun-
dred dollars for a small piece of the land, and told him that the
land was not worth more than one hundred dollars, but that he
would pay the plaintiff in that way the one hundred promised

for making the purchase; and, that subsequently and before this action was brought, the other defendant told him that he would pay his part, fifty dollars. No part of the one hundred dollars has ever been paid.

The defendants insisted that the plaintiff had not shown facts sufficient to constitute a cause of action, for the reasons:

1. That there was no writing executed by the defendants, and a verbal agreement, such as that set up by the plaintiff, was void.

2. That apart from the statute of frauds, the testimony of the plaintiff as to the agreement before he purchased the land, did not show any liability for which they could be sued jointly.

3. That the plaintiff could not recover against the defendants, either upon the alleged offer of H. F. McCarter to buy a part of the land and pay double its worth, or the alleged promise of G. C. McCarter to pay fifty dollars, his part, such promise being made without consideration, and if made upon consideration, would only bind the party making the promise.

4. That there was no complaint filed by the plaintiff.

Upon an intimation from the court that the plaintiff could not recover, the plaintiff submitted to a nonsuit and appealed.

*Mr. J. W. Todd,* for plaintiff.
*Mr. Q. F. Neal,* for defendants.

ASHE, J. The statute of frauds has no application to the contract which is the subject of this action. It is neither a contract for the purchase of an interest in land, nor is it a promise to answer for the debt or default of another, within the statute of frauds.

The defendants made no contract for the purchase of an interest in the land of Levi McCarter. That was a contract altogether between the plaintiff and the said McCarter. If the defendants, when the plaintiff was negotiating for the purchase of the land, had promised, in consideration of McCarter's selling it to plaintiff for two thousand dollars, to pay said McCarter one

hundred dollars as a part of the price of the land, and had been sued by McCarter, the statute of frauds might have been pleaded in bar of his recovery. But the defendants were not parties to the contract between the plaintiff and Levi McCarter, for the sale of the land. The statute applies only to the parties to the contract. *Simms* v. *Killian*, 12 Ired., 252. As a promise to answer for the default of another, it clearly does not come within the fourth section of the statute, for it is well settled that to bring a promise within that section of the statute it must be made to the party to whom the person, undertaken for, is liable. It applies only to promises made to the persons to whom another is already, or is to become liable; as for instance, if A owes a debt to B, and C promises A to pay the debt to B, that promise is not within the meaning of the statute. Smith on Contracts, 48, 84, 85, 87.

In our case, the action is brought on the original promise made by the defendants to the plaintiff, that if he would go back and buy the land from Levi McCarter, they would pay one hundred dollars, and give their joint note for the amount. Give their note to whom? Why of course to the plaintiff. That that was the understanding and intention of the parties, is shown by the fact, that after the purchase of the land by the plaintiff, H. F. McCarter proposed to buy from him a small part of the land, worth only one hundred dollars, and pay him two hundred dollars for it, and in that way discharge his obligation to pay the *one hundred dollars*, and the promise of the other defendant to pay to the plaintiff fifty dollars, his part of the *one hundred*.

The promise of the defendants, according to the testimony of the plaintiff, was a joint promise made by them, as much so as if they had executed their joint and several note to the plaintiff, as they had agreed to do.

The ground taken by the defendants, that the promise made by them to the plaintiff to pay him one hundred dollars, was without any consideration, is quite as untenable as the other ground insisted upon as a defence to the action.

The consideration necessary to support a promise must be a

benefit to the party promising, or to be attended with trouble or inconvenience or prejudice to the other party. *Johnson* v. *Johnson*, 3 Hawks, 556; Smith on Contracts, 87.

Here, the defendants said to the plaintiff, if you will go back and buy the land and settle on it, we will pay you one hundred dollars. He did go back and purchase the land, and then settled on it. This necessarily put him to some *trouble* and *inconvenience*, and then the defendants were *benefited* by the transaction, as they thereby had moved from their vicinity a disagreeable neighbor, whose removal was the chief inducement to make the promise to pay the one hundred dollars.

As to the remaining ground, that the plaintiff had filed no complaint: It has been held by the court that a judgment is not void because no complaint had been filed. *Leach* v. *Railroad*, 65 N. C., 486.

Especially is this so, where the action was commenced before a justice of the peace, as here, in whose court the pleadings are not required to be filed in writing; and more especially so, where, as in this case, the defendant has waived the objection to the omission to file a complaint in writing, by answering the oral complaint of the plaintiff, by leave of the court.

There is error. Let this opinion be certified to the superior court of Ashe county, that a *venire de novo* may be awarded.

Error.                                                    *Venire de novo.*