JOHN L. MARKHAM v. W. H. HICKS & CO.

*Appeal.*

An appeal will not be entertained where the transcript does not show that the action was properly constituted in the court below.

(*Bradley* v. *Jones,* 76 N. C., 204, cited and approved).

APPEAL by plaintiff from a judgment rendered at Spring Term, 1884, of DURHAM Superior Court, by *McKoy, J.*

*Mr. W. W. Fuller,* for plaintiff.
*Messrs. Graham & Ruffin,* for defendants.

ASHE, J. This appeal cannot be entertained by this court. It purports to be a case brought up by appeal from a justice's court to the superior court. But there is no record to show that the case was ever constituted in either court. In fact, there is not the semblance of any kind of record.

The case, as presented here, is constituted entirely of two statements of the case on appeal, one signed by counsel, and the

other by the judge, and a copy of the open account upon which the action is alleged to have been brought.   That is all.

The cases on appeal state that the statute of limitations was relied on by the defendants, and a jury trial was waived, and by consent His Honor tried the facts.   He decided that the plaintiff's action was barred by the statute.   That is a question of law.   But he failed to find the important fact, when the action was commenced; and without that fact being found, or made to appear by the record, it is impossible for this court to decide whether His Honor's conclusion of law was correct or not.

The case is remanded that the parties may make such disposition of it as they may be advised.   *Bradley* v. *Jones,* 76 N. C., 204.   The costs must be paid by the appellant.

PER CURIAM.                                                    Remanded.