*S. C. ROBESON et al. v. JAMES P. HODGES, et al.

*Amendment—Jurisdiction—Exception on Appeal.*

1. Where a complaint in an action begun before the Clerk, as Probate Court, states matters properly triable in that Court, an amendment cannot be allowed in the Superior Court engrafting matters of which the latter Court alone has jurisdiction.

2. When, without amendment in such case, matters are investigated without objection, of which the Superior Court alone had jurisdiction, and judgment is rendered thereon, the implied consent does not confer jurisdiction, and advantage can be taken of the defect in this Court.

3. When there is no exception taken except to the judgment, usually no case on appeal is necessary, and it is sufficient to file the exceptions thereto in ten days after judgment, as provided by Rule 27 of this Court.

APPEAL from a judgment in favor of defendant Hodges, rendered by *Gilmer, J.,* May Term, 1889, CUMBERLAND Superior Court, upon a referee's report.

*Messrs. R. H. Battle* and *S. F. Mordecai,* for the plaintiff.
*Messrs. N. W. Ray* and *W. E. Murchison,* for the defendant.

CLARK, J.: This was an action begun by certain wards of the defendant Hodges against him for an account and settlement as guardian. It was begun before the Court of Probate in 1878, and transferred to the Superior Court for trial. The complaint alleges that the appellant W. J. Smith, who afterwards came in and was made party plaintiff, and the other appellant Mary L. Smith, who, not joining in the action, was made a defendant, were two of the wards; that as

---

* Head-notes by CLARK, J.

to the first named, he had been fully settled with, but as to the other appellant, that she had never been settled with.

The answer alleged that both of the appellants had been duly settled with according to law, and had received their full shares of the estate. There was no allegation of any over-payment to appellants by mistake or inadvertence, or otherwise, and no prayer for judgment against them. On a reference, the account was stated as to them without objection, as well as to the other wards, and it being reported by the referee that each of the appellants had been over-paid by defendant Hodges, the Court rendered judgment against them and in favor of defendant Hodges, for repayment to him of such over-payment.

It is true that there must be *allegata* as well as *probata*, but that usually applies when objection is made to the proof offered. Then the Court, if the objection is well taken, must either rule out the evidence or allow amendment to the *allegata*. After judgment it is too late to object that there is no complaint. *Leach* v. *Railroad*, 65 N. C., 486; *Mebane* v. *Pope*, 81 N. C., 22; *Little* v. *McCarter*, 89 N. C., 233. The Court has power to allow amendment after verdict, so as to supply the omission of an averment in the pleadings. *The Code*, §§ 273 and 274; *Pearce* v. *Mason*, 78 N. C., 37; *Penny* v. *Smith*, Phil., 35; *Dobson* v. *Chambers*, 78 N. C., 334.

The appellee did not ask the Court below for the amendment, either before or after judgment, but asks this Court to allow it to be made now, in furtherance of justice. This Court has the power to make amendments or to remand the case that they may be made in the Court below (*The Code*, § 965), but only to the same extent and in such cases as the Superior Court could allow amendment. It is very clear that the Court below could not have allowed the amendment asked here, which is to support the judgment, by allowing the defendant and appellee, Hodges, to amend his answer by setting up the equitable claim of mutual mistake

in making the over-payments to the appellants, or a counter-claim for money had and received. Such allegations, if made, are only cognizable in the Superior Court (*Murphy* v. *Harrison*, 65 N. C., 246), and, as this action was begun in the Probate Court (now Clerk), the amendment could not be made.

In *Capps* v. *Capps*, 85 N. C., 408, it is held that when a case which is properly cognizable in the Superior Court, but erroneously brought before the Clerk, gets into the Superior Court by appeal or otherwise, the latter Court will amend the summons and treat the action as if originally brought in the Superior Court, and proceed; but when the action is properly triable in the Probate Court, it is error in the Superior Court, on appeal, to allow the complaint to be amended by engrafting new matter, cognizable only in the Superior Court at term. To same effect is *Finch* v. *Baskerville*, 85 N. C., 205. Chapter 276, Acts 1887, in no wise affects this principle, as it only provides that when cases are sent up to the Superior Court from the Clerk for the determination of issues of fact or law, that Court, after determining said issues, instead of remanding the case, may retain it and "hear and determine the matters in controversy in said case." In the analagous case of an amendment in a case brought by appeal from a Justice of the Peace, the Court say, in *Boyett* v. *Vaughan*, 85 N. C., 363: "It is the jurisdiction of the Justice of the Peace, which, on appeal, gives jurisdiction to the Superior Court, and, of course, if the Justice had no jurisdiction the Superior Court could have none, and, therefore, by allowing an amendment in the transcript, which enlarges the cause of action beyond the jurisdiction of the Justice, it must necessarily oust itself of jurisdiction." These words are quoted and approved in *Ijames* v. *McClamroch*, 92 N. C., 362.

The judgments appealed from are such as could not have been given, if allegations had been properly made, either

originally or by amendment, in a case begun like this, before the Probate Court.

The appellee insists, however, that there is no case on appeal. Exceptions to the judgment were filed in ten days after judgment rendered, under Rule 27 of this Court. A case on appeal is necessary to set forth exceptions to evidence and to the charge, but this exception is for want of jurisdiction. This is an error apparent on the face of the record proper, and the Court will take notice of it, though not assigned. *The Code,* § 957; *Thornton* v. *Brady,* 100 N. C., 38.

                                                            Error.