D. C. FERRABOW et al. v. ELIZABETH GREEN et al.

*Case on Appeal— Costs—Record.*

1. Where the statement of case on appeal is defective if it had come up for the first time in this Court, yet, if the defect can be supplied by reference to the record which came up on the first appeal, the appeal will not be dismissed.

2. Where the plaintiffs prevail in a part of their action they are entitled to costs.

This was an APPEAL from the judgment rendered by *Boykin, J.*, at the April Term, 1891, of the Superior Court of GRANVILLE, on the ground that the former judgment was not modified in accordance with the direction of the Supreme Court. (108 N. C., 343).

*Messrs. A. W. Graham* and *J. W. Graham*, for plaintiffs.
*Messrs. J. B. Batchelor* and *John Devereux, Jr*, for defendants.

AVERY, J.: When this case was heard on appeal at the February Term, 1891 (108 N. C., 339, 343), this Court said: " It is only necessary that the final decree shall be modified so as to provide that all of the defendants, their agents, etc., shall be restrained from committing further waste upon the lands, and to strike out so much of it as adjudges that the

plaintiffs shall recover damages of the defendants, H. A. Stem and W. T. Stem."

At the next term, after the transcript went down, the presiding Judge modified the former judgment by not only striking out so much of it as awarded damages against the two defendants named, but by allowing them to go without day and recover costs.   Counsel agreed, in writing, that the judgment and agreement of counsel should constitute the case on appeal.   Accordingly, the transcript shows that at said term, Judge Boykin rendered the judgment set out in the record, and that the agreement was made—nothing more. Counsel for the appellee moves to dismiss for want of sufficient record to show that the Court has jurisdiction, and cites *Gordon* v. *Sanderson*, 83 N. C., 1 ; *Markham* v. *Hicks*, 90 N. C., 1; *Branch* v. *Railroad*, 88 N. C., 573 ; *Perry* v. *Adams*, 96 N. C., 347, and *Wyatt* v. *Railroad*, 109 N. C., 306, to sustain his position.

If this were an original appeal coming up for the first time, though it involved only a question of costs, depending upon the proceedings or record below for its solution, we would be bound to follow the authorities cited, and grant the motion to dismiss.   This, however, is not a new or original appeal coming up for the first time; but the very cause that was before us at the Spring Term, 1891, brought back for our decision of the question, whether the effect of the modification heretofore directed would be to tax the plaintiffs instead of the defendants with the costs.   We think that where the same cause is brought up a second time for further direction as to the costs, which are incident to the judgment, counsel may, by consent, limit the transcript to the additional judgment appended to the record, and refer to the transcript already in this Court to supplement it.

The defendants appealed from a judgment restraining all of the defendants from committing further waste, and for the recovery of damages against H. A. Stem and W. T. Stem,

who were the lessees of their co-defendants. While this Court reversed so much of the judgment as provided for the recovery against H. A. and W. T. Stem for damage done to the inheritance as the lessees of persons not impeachable for waste, it did not modify the decree that all should be perpetually prohibited from continuing the destruction of timber. The plaintiffs failed to maintain the demand for damage already sustained, but they did prevail against all of the defendants in the action in so far as it was brought to invoke the extraordinary power of the Court to prevent further destruction of timber. Whatever might be the rule as to costs incurred in this Court, we think that there was error in the judgment that the defendants H. A. Stem and W. T. Stem go without day and recover costs below, since they were restrained with the other defendants, and one of the main purposes of the action was to get the benefit of the remedy by injunction. *Cook* v. *Patterson,* 103 N. C., 127; *Costin* v. *Baxter,* 7 Ired., 111; *Vestal* v. *Sloan,* 83 N. C., 555; *Horton* v. *Horne,* 99 N. C., 219; *Wall* v. *Covington,* 76 N. C., 150; *The Code,* §§ 525 to 528.

We think there was error. Let this opinion be certified to the end that the judgment below may be modified as directed.

Error.