## BAKER v. CARTER.

(October 23, 1900.)

1. *Administrators — Jurisdiction — Special Proceedings— Creditors—Clerk Superior Court.*

   The Clerk of the Superior Court has exclusive original jurisdiction of proceedings to settle the estates of decedents.

2. *Jurisdiction—Superior Court.*

   Where Superior Court acquires jurisdiction of any part of the matter involved in a suit it will proceed to determine the whole.

3. *Jurisdiction—Superior Court—Clerk.*

   Acts 1887, chap. 276, allowing parties in an action before the Superior Court to have all matter in controversy heard, applies only to cases commenced before the clerk.

CIVIL ACTION, by George W. Baker and others against Henrietta Carter and Wiley P. Carter, to set aside a certain conveyance of property, heard by Judge *H. R. Starbuck,* at Spring Term, 1900, of BERTIE Superior Court. From judgment for defendants, the plaintiffs appealed.

*B. B. Winborne, F. D. Winston* and *St. Leon Scull,* for plaintiffs.
*R. B. Peebles,* for defendants.

FURCHES, J. This action was commenced in the Superior Court, returnable in term time, by G. W. Baker against Henrietta Carter and W. P. Carter, on September 22, 1898, and is therefore a civil action, and not a special proceeding. In his complaint the plaintiff alleges that Wiley Carter, the husband of Henrietta and father of W. P. Carter, who was

then dead, and whose estate had no personal representative, was indebted to him at the time of his death; that said Wiley, on the 5th of February before he died in the month of May following, conveyed the tract of land on which he lived, worth $1,000, to the said Henrietta, for life, with remainder to the defendant W. P. Carter; that this conveyance was without consideration, and void as to creditors, under the statute of frauds; that the said Wiley in the same conveyance gave all his personal property to the defendant Henrietta, in fraud of his creditors, and thereby rendered himself insolvent—and asks that the deed for said land and the conveyance for said personal property to defendants be set aside and vacated for the reason of said fraud. To this complaint the defendants demurred upon the ground that the complaint did not set forth a cause of action, and for the reason that the Court had no jurisdiction, as the personal representative was a necessary party. This demurrer should have been sustained, and the action dismissed. But it does not appear that there was ever a ruling by the Court upon the demurrer. And after the action had been pending more than a year there was an order making the plaintiff Brown, who qualified at that term of the court as administrator of the said Wiley Carter, a party-plaintiff, and allowing the action to be "turned into a creditors' bill." This was done, and the said Brown, as administrator, and a number of other persons, who claimed to be creditors of the said Wiley Carter, made themselves plaintiffs; and the pleadings were reformed so as to make it a so-called creditors' bill, in which the insolvency of the said Wiley was set forth, and the fraudulent conveyances of the land and personal property, and again judgment was asked setting aside said conveyances for fraud. And it is stated that this order, and the making of new parties, and the amended or substituted complaint were made without objec-

tion on the part of the defendants. And before the trial the only original plaintiff, George W. Baker, took a nonsuit and "withdrew from the action." But the Court went on with the trial, and submitted issues to the jury, who found that said conveyances were fraudulent, upon which the Court set aside and vacated the said conveyances and ordered a sale of the land, although this had not been asked in the plaintiff's prayers for judgment.

We do not deem it necessary to discuss the right of the original plaintiff, Baker, to maintain his action as originally brought, as he took a nonsuit and "withdrew from the action" before the trial. But it seems to us to be so apparent that he could not have maintained his action, that it would need no discussion if he had not abandoned it. It therefore remains to be seen whether the new plaintiffs, under the new complaint, can maintain this action. If Wiley Carter had not been dead, the proper course would have been for his creditors to have reduced their debts to judgment, sold the land, and to have bought the same if it did not bring its worth, taken the sheriff's deed, and brought their action of ejectment. But, as no sale could be made upon execution after the death of Wiley Carter, the creditors' only remedy was through the administrator. It was his duty to proceed, under sec. 1436 of The Code, to reduce the property fraudulently conveyed by his intestate to assets to pay the debts of his intestate; and, if he did not and would not, the creditors had the right to proceed against him and compel him to do so. But he had to do this in a special proceeding before the clerk, who had the original and exclusive jurisdiction of the matter. *Stancill v. Gay*, 92 N. C., 455; *Hunt v. Sneed*, 64 N. C., 176; *Hendrick v. Mayfield*, 74 N. C., 626; *Hardee v. Williams*, 65 N. C., 56. A proceeding to sell land for assets is a special proceeding, and belongs to the clerk. *Hyman v.*

*Jarnigan,* 65 N. C., 96; *Shields v. McDowell,* 82 N. C., 137.
If there are equities involved that give the Superior Court
jurisdiction of any part of matter involved in the litigation,
and the Superior Court thus acquires jurisdiction of a part,
it will proceed to determine the whole matter. *Devereux v.
Devereux,* 81 N. C., 12; *Chambers v. Massey,* 42 N. C., 286.
But there is no equitable element involved in this case, to
bring it within the exception to the general rule, and to bring
it within the doctrine of *Devereux v. Devereux* and *Chambers v. Massey.* Nor does Act 1887, chap. 276, aid the
plaintiffs in this case, as that act only implies where the
case was commenced before the clerk, and by some means
has been carried to the Superior Court, or judge, as distinguished from the clerk of the court. If it had not been for
the want of jurisdiction, we do not say but what the new action, after the administrator became a party, might have been
sustained, although the new complaint did not seem to have
been drawn under sec. 1436, and no sale was asked for. But,
if it could have been sustained, it would have been by giving
a most liberal construction to what appeared from the pleadings, without their being distinctly alleged. This action can
not be maintained, and must be dismissed.

Error.    Dismissed.