FRANCIS HALL ET AL. v. SETTLE ARTIS ET AL.

(Filed 26 September, 1923.)

**1. Clerks of Court—Jurisdiction—Appeal.**

If an action or proceeding is instituted before the clerk of which he has no jurisdiction, and on any ground is sent to the Superior Court before the judge, the judge has jurisdiction to retain and hear the cause as if originally instituted in the Superior Court. C. S., sec. 637.

**2. Same—Actions—Motions in the Cause.**

Where a suit is brought before the clerk for partition of lands, involving the establishing of a parol trust in favor of one of the tenants against the other, which is resisted upon the ground that the trust had been later discharged by the receipts of rents and profits from the land, an independent equitable action, and not a motion in the original cause, is the defendant's remedy after a final judgment had therein been rendered.

CLARK, C. J., concurring.

CIVIL ACTION, heard by *Grady, J.,* at February Term, 1923, of GREENE.

The plaintiffs instituted a proceeding before the clerk for the ultimate purpose of selling for partition the land described in the complaint, and as preliminary thereto of setting up a parol trust in the land. When the complaint and answer were filed—the defendants having pleaded sole seizin—the clerk transferred the cause to the civil-issue docket for trial. In the Superior Court the defendants moved for judgment of nonsuit on the ground that the alleged cause of action is cognizable only in a court of equity, and that the clerk had no jurisdiction. The motion was allowed, and the plaintiffs excepted and appealed.

*George M. Lindsay for plaintiffs.*
*J. Paul Frizzelle for defendants.*

ADAMS, J. The plaintiffs alleged that the land described in the complaint was devised by Daniel Artis to Henry Artis and charged with the payment of one-fourth the amount of a pecuniary legacy bequeathed by the testator to Clara Edwards; that in due time the legatee brought suit to subject the land to the payment of this charge, and obtained an order of sale; that the defendant Settle Artis bought the property under an agreement that he should hold it in trust for Henry Artis and his children until repaid the purchase money, and that the full amount of the purchase price had been repaid him from the annual rents. The object of the action is to establish a parol trust and to have the land sold for partition among the plaintiffs and the defendants as tenants in common.

The defendants contend that the clerk had no jurisdiction of an action or proceeding instituted to establish a parol trust; that the jurisdiction of the Superior Court was entirely derivative, and that the judgment dismissing the action should therefore be affirmed. On the other hand, the plaintiffs insist that the judgment is not erroneous even if it be granted that the clerk was without jurisdiction.

There is a general rule, frequently approved in our decisions, that if an inferior court or tribunal has no jurisdiction of a cause, an appeal from its decision confers no jurisdiction upon the appellate court. 3 C. J., 366, sec. 123; *Gordon v. Sanderson,* 83 N. C., 1; *Boyett v. Vaughan,* 85 N. C., 364; *Raisin v. Thomas,* 88 N. C., 148; *Markham v. Hicks,* 90 N. C., 1; *Robeson v. Hodges,* 105 N. C., 49; *Cheese Co. v. Pipkin,* 155 N. C., 395; *McLaurin v. McIntyre,* 167 N. C., 350; *Holmes v. Bullock,* 178 N. C., 376; *Commissioners v. Sparks,* 179 N. C., 581; *Sewing Machine Co. v. Burger,* 181 N. C., 241.

But the application of this rule is not unlimited. In *Robeson v. Hodges, supra,* it is said: "In *Capps v. Capps,* 85 N. C., 408, it is held that when a case which is properly cognizable in the Superior Court, but erroneously brought before the clerk, gets into the Superior Court, by appeal or otherwise, the latter court will amend the summons and treat the action as if originally brought in the Superior Court, and proceed; but when the action is properly triable in the Probate Court, it is error in the Superior Court, on appeal, to allow the complaint to be amended by engrafting new matter, cognizable only in the Superior Court at term"; and in *Elliot v. Tyson,* 117 N. C., 114, *Clark, J.,* stated that such amendment of process may be presumed. To the same effect are *McLean v. Breece,* 113 N. C., 391; *Baker v. Carter,* 127 N. C., 92; *Ewbank v. Turner,* 134 N. C., 77; *Ryder v. Oates,* 173 N. C., 569. Referring to the question, in *Anderson's case,* 132 N. C., 244, *Montgomery, J.,* said: "Although the proceedings originally had before the clerk were a nullity, for the reasons already pointed out, yet when the matter got into the Superior Court by appeal, that court then acquired jurisdiction. *Roseman v. Roseman,* 127 N. C., 494; *Ledbetter v. Pinner,* 120 N. C., 455; *Faison v. Williams,* 121 N. C., 152." See, also, C. S., sec. 637.

The defendants further contend that the plaintiffs should have sought relief by motion in the original cause, and not by an independent action. We do not consider the question whether the Superior Court had the legal right to treat the proceeding as a motion, because, as we understand the record, a final judgment had been rendered in the original cause, and the plaintiffs' right to insist upon the execution of the parol trust arose after the purchaser had been reimbursed the amount of his expenditure. Under these circumstances, the plaintiffs could resort to

HALL v. ARTIS.

an independent equitable action. *Smith v. Fort,* 105 N. C., 446; *McLaurin v. McLaurin,* 106 N. C., 331; *Bunker v. Bunker,* 140 N. C., 18.

We are of opinion that the Superior Court had jurisdiction, and that the judgment dismissing the action should be set aside. The judgment is therefore

Reversed.

CLARK, C. J., concurring: C. S., 637, provides: "Whenever a civil action or special proceeding begun before the clerk of a Superior Court is for any ground whatever sent to the Superior Court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so."

This statute was passed in 1887 (chapter 276). As stated in *Roseman v. Roseman,* 127 N. C., 497, its enactment was caused by the inconveniences resulting from the course of practice prescribed in *Brittain v. Mull,* 91 N. C., 498. The office of probate judge having been abolished, the duties thereof devolved upon the clerk of the Superior Court, and he had, therefore, two sets of judicial powers—one in the exercise of the special judicial powers of his distinct tribunal, and the other which he exercised for the court as its clerk, with the result that there was "oft confusion worse confounded." This act, now C. S., 637, was passed to simplify the procedure. It was much needed and has worked effectively.

*Roseman v. Roseman, supra,* has been very often cited and is now the settled practice. See citations to C. S., 637, which hold that "Under this section the judge to whom a cause is sent by appeal, or otherwise, from the clerk, has the full jurisdiction to hear and fully determine the cause, or to make orders thereon and send it back to the clerk to be proceeded with by him." Under this statute and the decisions construing it, when the appeal reaches the Superior Court, "on any ground whatever," the judge has the right, under the statute, to assume jurisdiction and to dispose of the case as if it had originally begun there.

It should be noted that the decision which formerly held that as to a certain class of cases a clerk had no jurisdiction because he had no equitable powers, was the survival of outworn ideas and without any foundation in the Constitution.

The Constitution, it will be noted, absolutely abolished "all distinctions between actions at law and suits in equity and the forms of all such actions and forms." No jurisdiction of any court or cause is now based upon the presence or administration of equitable ingredients.

Therefore, when a case goes up from the clerk to the judge, there is no distinction of jurisdiction based upon the ground of an action being equitable or otherwise, and when the case reaches the judge he is vested with full jurisdiction to retain the cause and proceed with it, or to make appropriate orders and remand it to the clerk to be proceeded with, and of this the judge of the Superior Court is the sole judge. His discretion in this respect cannot be reviewed by this Court on appeal.

The cases to the above effect are fully cited in the opinion-in-chief in this case, and others still are cited in the notes to C. S., 637, and other cases have been decided since the annotations in the C. S.

Indeed, there is nothing which deprives even a justice of the peace of the right to pass upon equitable matters when within the amount allotted for his jurisdiction. It is true that a justice of the peace cannot issue an injunction or *mandamus,* or take action in some other matters, but this is not because the Legislature cannot confer jurisdiction in those matters, but because in allotting the distribution "of that portion of the judicial power and jurisdiction which does not pertain to the Supreme Court among the courts inferior to the Supreme Court," the Legislature has not conferred upon justices of the peace jurisdiction of injunctions, *mandamus* and other remedies. Const., Art. IV, sec. 12.