Harr, Judge.
 

 The first objection made by the Defendant’s counsel, is, that the suit was carried into the
 
 *495
 
 Superior Court by consent of the parties, and not by way of appeal, or in any other way known to the Law.
 

 The answer to this is, that the Superior Court had jurisdiction of the subject matter of the petition, and the petition and plea were entered on the docket of that Court by consent of parties, which might have been done, and the Court would have had jurisdiction of it, if the suit had never been in the County Court.
 

 It is again objected, that the dispute had been referred to arbitrators^ to settle, and they have made an award which ought to be binding on the parties. It does appear that there was a reference to three persons to state and settle the guardian’s account, that they did make a statement of the account, and found a balance in favor of the petitioner; but I think the reference was made.merely for the purpose of having the accounts examined and reported upon, rather than that any award should be made that should be obligatory on the parties. And I am the more inclined to think so, because the Defendant himself states, that the petitioner did approve and allow of the accounts so stated, after examination. If it had been an award in the sense insisted upon, it could not owe its obligatory force to the examination of the petitioner.
 

 It is further objected, in'argument for the Defendant, that although the County Court has jurisdiction .in all cases of filial portions, &c. according to the act of 1762, ch. 5, in a summary way, yet that such jurisdiction and mode of proceeding are additional to the Common Law jurisdiction, (which, alone, the County Courts exercised before,) and to the Common Law jurisdiction of the Superior Courts; and that even admitting an error has been committed in the settlement of the guardian’s ac-eoiijit, and pointed out by the petitioner, yet that the Superior Court has not jurisdiction, because that error is protected by the petitioner’s receipt, which has been given in full discharge of his demand, and that it is only
 
 *496
 
 competent for a Court of Equity so far to remove it out of the way, as to correct that error.
 

 I think it was not the intention of the Legislature, in giving this jurisdiction to the Common Law Courts, which before belonged to the Courts of Equity, to alter any principle, or delegate less power than was possessed by the Courts of Equity, when questions of this sort came before them. The remedy (except so far as it may be altered by the act of 1762) is transferred with the general power given, and is incident to it. indeed the Legislature seems to have been fearful, that the jurisdiction thus given, might be construed a complete transfer of jurisdiction from the Courts of Equity, when they declare, in sec. 26 of the act of 1762, that nothing in the act shall be considered as restraining or abridging the powers of the Courts of Equity, but that they shall continue to exercise them in the. same way as if that act had never been passed.
 

 I therefore think the County Court had the same power to enquire into and correct the error pointed out- by the petitioner in his amended bill, as a Court of Equity would have if the question had arisen there; and of the power of a Court of Equity to rectify mistakes after a receipt has been given, provided those errors and mistakes are distinctly and clearly pointed out, no one will doubt. The Defendant iias not answered the allegation of the petition, pointing out the error complained of by the petitioner j he therefore admits it, and it only remains to say, that the decree of the Superior
 
 Court
 
 shall be affirmed with costs.