## STATE v. STANLEY CHERRY.

A Justice of the Peace has no jurisdiction over the offence of larceny of growing corn. The act of 1873–'74, Chap. 176, does does not sufficiently express the intention to give a Justice jurisdiction in such cases.

This was an INDICTMENT for stealing corn standing and remaining ungathered in a certain field, tried at the Fall Term, 1874, of BERTIE Superior Court, before his Honor, *Hilliard, J.*

When the case was called in the Court below, the defendant moved to dismiss the prosecution, for the reason that the Court did not have jurisdiction ; and his Honor being of opinion with the defendant, allowed the motion. From this judgment, *Martin*, Solicitor for the State, appealed.

*Attorney General Hargrove*, for the State.
*Winston, Jr.*, for the defendant.

RODMAN, J.   The defendant was indicted in the Superior Court for stealing corn standing in the field, of the value of five cents.   He moved to quash the indictment because a Justice of the Peace has exclusive jurisdiction of the offence, and the Superior Court had none.

The Court allowed the motion and quashed the indictment, and the State appealed.   The offence is created and made larceny by the Act of 1868–'69, Chap. 251, found in Battle's Revisal, Chap. 32, Sec. 20.   By an Act of 1873–'74, Chap. 176, p. 259, the Legislature amended several sections of Chap. 32, above cited, by fixing the maximum punishment for the offence described in those sections at a fine of fifty dollars, or imprisonment for one month, thereby giving a Justice final jurisdiction of them.   But Sec. 20 is not one of those so amended, and the punishment for the larceny of standing corn remains like the punishment for other larcenies, fine and imprisonment at the discretion of the Court, thus excluding the final jurisdiction of a Justice.   The Act of 1873–'74, in Sec. 13, however, does say, Justices of the Peace shall have jurisdiction to hear, try, &c., criminal actions for the offences described in Sec. 20, of Chap. 32, of Battle's Revisal.   We are of the opinion that the apparently express grant of final jurisdiction over the offence in question to a Justice is ineffectual, because the possible punishment for the offence exceeds that which a Justice can adjudge under the Constitution, Art. IV, Sec. 5. Of course it is within the power of the Legislature so to limit the punishment as to give final jurisdiction to a Justice.   But the Legislature has not expressly done so as to this offence, and we cannot imply such an intention from Sec. 13, of the Act of 1873–'74, with such certainty as to enable us to give it that effect.   While such may have been the intention, it is possible, at least, that as the bill was drawn it fixed a maximum punishment for larceny, which provision was stricken from it before its passage, while by inadvertence, the language of Sec. 13, in reference to Sec. 20, of Chap. 32, of Battle's Revisal, was left to stand unaltered.   We think the Superior Court had juris-

diction of the offence charged in the indictment, and that the Judge erred in quashing the bill.

Judgment below reversed, and case remanded to be proceeded in, &c.

PER CURIAM.                                         Judgment reversed.