## D. L. BOING v. RALEIGH & GASTON RAILROAD COMPANY.

### *Evidence—Jurisdiction.*

1. Proof that the plaintiff's cow was seen near the defendant company's railway track, with one of its legs broken, about the time that two trains had passed over the road, is *some* evidence in support of the plaintiff's claim for damages. (Distinction between a *scintilla* and sufficiency of evidence.)

2. Jurisdiction of justices of the peace and superior courts—concurrent, exclusive and derivative—discussed by ASHE, J., citing the act of 1877, ch. 251, and *Allen* v. *Jackson*, 86 N. C., 311, and other cases.

(*Mathis* v. *Mathis*, 3 Jones, 132 ; *Sutton* v. *Madre*, 2 Jones, 320 ; *Bailey* v. *Pool*, 13 Ired. 404 ; *Cobb* v. *Fogalman*, 1 Ired, 440 ; *State* v. *Revels*, Busb., 200 ; *State* v. *Allen*, 3 Jones, 257 ; *Nance* v. *R. R. Co.*, 76 N. C., 9 ; *West* v. *Kittrell*, 1 Hawks, 493 ; *Allen* v. *Jackson*, 86 N. C., 321 ; *Boyett* v. *Vaughan*, 85 N. C., 363, cited and approved.)

CIVIL ACTION tried, on appeal from a Justice's judgment, at July Special Term, 1882, of VANCE Superior Court, before *Graves, J.*

This action was to recover damages for injury to live stock, to wit, one cow of the value of twenty dollars.

This action was tried before the justice under the provisions of section 10, chapter 16, of Battle's Revisal. Two freeholders were summoned and sworn by the justice to ascertain the damages, who assessed the same at twenty dollars, and the justice thereupon rendered judgment against the defendant for that amount, from which judgment the appeal was taken.

The defendant by leave filed an answer in the superior court, and denied each of the allegations in the complaint, except that which alleged that the defendant was a corporation and owned the Raleigh & Gaston railroad.

On the trial in the superior court, the plaintiff introduced a witness who testified in substance that on the 14th day of September, 1881, about nine o'clock a. m., he passed over a certain section of defendant's road on his way to a certain store, and did not at that time see any cow near defendant's railway track; that he returned about eleven o'clock a. m. of the same day, and saw the cow of the plaintiff down some twelve or fourteen feet from the road bed of the defendant, with one of its legs broken or crushed; and he further testified that from nine to eleven o'clock that day, two trains (one passenger and the other freight) had passed over defendant's road.

There was some other evidence as to the value of the cow, and in corroboration of the testimony of the first witness, that the cow was lying with its leg broken within twelve or fourteen feet of the railroad.

Upon this evidence the court expressed the opinion, that while there was some evidence competent to go to the jury, it was a bare *scintilla* leaving the matter not proved; and

upon this intimation the plaintiff submitted to a nonsuit and appealed.

*Mr. Geo. B. Harris,* for plaintiff.
*Messrs. Hinsdale & Devereux,* for defendant.

ASHE, J. The opinion intimated by His Honor, we think, was manifestly erroneous. The evidence offered was competent, or it was not. If not competent, it should have been withdrawn from the jury ; but if competent and any evidence of the matter in issue, then it was an invasion of the province of the jury for the court to express an opinion as to its effect.

The line of distinction between what is a *scintilla*, or, what is the same thing, no evidence, and sufficient evidence, is so narrow that it is often very difficult for a court to decide upon which side of the line the testimony falls.

There is no principle of practice better settled than that what is competent or admissible evidence, or whether there is any evidence, are questions for the court ; but what is a sufficiency, or effect of evidence, lies exclusively within the province of the jury.

If there is merely a *scintilla* of evidence, or such as raises only a possibility or conjecture of a fact, it is no evidence, and the judge should so charge the jury. But when the evidence is relevant and tends to prove the matters in issue, it should be submitted to the jury, and the failure to do so is a violation of the act of 1796. *Mathis* v. *Mathis*, 3, Jones, 132; *Sutton* v. *Madre*, 2 Jones, 320 ; *Baily* v. *Pool*, 13 Ired., 404; *Cobb* v. *Fogleman*, I Ired., 440 ; *State* v. *Revels*, Busb., 200 ; *State* v. *Allen*, 3 Jones, 257. In this last case, PEARSON, C. J., in commenting upon the narrow boundary between no evidence and slight evidence, observed that " the dividing line may be marked thus far ; when there is evidence of a fact, which in connection with other facts, if proved,

would form a chain of circumstances sufficient to establish the fact in issue, the fact so calculated to form a link in the chain, although the other links are not supplied, is nevertheless *some* evidence tending to establish the fact in issue, and its sufficiency must be passed on by the jury. But when the evidence could under no circumstances form a link in the chain, and although competent, yet has no relevancy or tendency to prove the fact in issue, the jury should be so instructed."

Should a jury find against the weight of the evidence or upon insufficient evidence, it is in the province of the court to remedy the evil to some extent by granting a new trial.

The testimony offered in this case which His Honor held to be no proof, we think was *some* evidence of the fact in issue, and was not only competent but *relevant* and *tended* to prove the fact charged in the complaint, and should therefore have been submitted to the jury that they might consider it and give it such weight as they might think it deserved.

In this court, the counsel for the defendant moved to dismiss the action for want of jurisdiction in the superior court, basing his motion upon the fact that the action was commenced before the justice of the peace under section 10, chapter 16, of Battle's Revisal, which had been declared to be unconstitutional. *Nance* v. *C. C. Railway,* 76 N. C., 9. The answer to that is that the act of 1876–'7, ch. 251, gave to justices of the peace concurrent jurisdiction of civil actions not founded on contract, when the value of the property in controversy does not exceed fifty dollars; and although the justice in this case summoned freeholders to assess the damages, it was yet his judgment, though irregular and perhaps erroneous.

The counsel seems to have overlooked the distinction between the cases, where the jurisdiction of the superior

courts and the courts of justices of the peace is concurrent, and where it is exclusive in the one or the other. We take the distinction to be, that where it is concurrent, and a case is carried by appeal to the superior court, and the appellant, as in this case, files an answer under leave of the court and goes to trial without objection, the court will have cognizance of the matter by virtue of its original jurisdiction of the subject matter of the action, and by the consent of the parties thus manifested, however irregular the proceedings may have been in the justice's court. *West* v. *Kittrell*, 1 Hawks, 493. But when a justice of the peace takes cognizance of an action of which he has no jurisdiction, and the case is carried by appeal to the superior court, that court acquires no jurisdiction because its jurisdiction is altogether derivative, and depends upon that of the justice from whose court the appeal is taken. *Allen* v. *Jackson*, 86 N. C., 321 ; *Boyett* v. *Vaughn*, 85 N. C., 363.

There is error. Let this be certified to the superior court of Vance county that a *venire de novo* may be awarded.

Error. *Venire de novo*.