F. J. McMILLAN, Adm'r, v. M. REEVES et al.

*Jurisdiction of Court in Term in Special Proceedings Transferred from Clerk — Chapter 246, Laws '87 — Estoppel by Judgment.*

1. Where a special proceeding is duly transferred from the Clerk's office to the Superior Court in term, and the Court in term, having jurisdiction of the subject-matter, with the assent of the parties interested, finally disposes of case, such action is regular and will be upheld, although the proceeding, as originally constituted, was not within the jurisdiction of the Clerk; and would be so even if ch. 276, Laws '87, did not apply to this case.

2. A sale of land under the judgment of a Court having jurisdiction of the subject-matter, is binding upon and estops all persons interested therein, who were duly represented before the Court by counsel.

CIVIL ACTION, tried before *Connor, J.,* at Fall Term, 1888, of ALLEGHANY Superior Court.

In December, 1874, George T. Reeves, F. J. McMillan and Andrew McMillan, administrators of Alexander B. McMillan, filed their petition in the Superior Court of Alleghany, before the Clerk, against numerous defendants, alleged to be the heirs-at-law of the intestate, praying that the land described therein " be sold and converted into personal assets," and for general relief. It is therein recited that the intestate in his life-time contracted to sell to persons designated as Pierce, Hale & Co. the tract of land (describing it) for a sum, of which a very small portion was paid to the intestate before his death, and to recover the residue the plaintiffs instituted suit against the vendees ; that the suit terminated under a compromise arrangement in favor of the defendants, and by the surrender of the bond for the purchase money to them ; that at the same time the title bond executed by the intestate was returned by the defendants for cancellation, and

they relinquished all claim in the land to the plaintiffs, to the end it might be resold to raise the residue of the purchase money due on the original contract.

On February 3, 1875, an order was entered in these words: "It appearing to the Court that the defendants residing in the State have been duly served with summons, and that publication has been made for the non-resident defendants; upon reading the petition of the plaintiffs, it is adjudged, that the plaintiffs sell the land described in the petition at public auction, to the highest bidder, after giving thirty days' notice, on a credit of six months, and report their proceedings to this Court."

Pursuant to this order the land was put up and sold, and, as it appears, purchased by David C. Edwards, to whom notice was subsequently issued of an intended motion to confirm the sale, and order a collection of the purchase money, to be heard at the Clerk's office on October 30, 1875.

To this the said Edwards made answer, which, so far as material to the present inquiry, and we condense from, is as follows:

He declares his willingness to pay the purchase money as soon as a good title to the premises can be made to him, and alleges several defects in the title, as well as a want of jurisdiction in the Court to order its conveyance.

That the defects consist in the want of words of inheritance in the deed of one Reeves to one Ausborn, and in the deed from the latter to the intestate, preceding owners under whom he claims, and a mistake in the boundary as described in the first of said deeds.

That the contract of sale entered into in the intestate's lifetime remains in force, and one of the original purchasers is dead, leaving heirs, to whom his equitable interest has descended.

That the land has been sold for taxes and bought by Frank McMillan, to whom a deed therefor has been executed.

That in the suits against Pierce, Hall & Co., some necessary parties were not served with process, and consequently are not bound by what was done in disposing of that cause.

Thereupon, a summons was issued and a further complaint filed, wherein are repeated the allegations in the former, with the superadded explanatory statement that the first contract of sale was made with Alexander Pierce and Jeremiah Jennings, who agreed to admit into the benefits of their purchase others, to-wit, James Wilkerson and John Wilkerson, acting jointly and associates, who entered into the bond sued on, substituted for that first given for the purchase money, enlarged, as before explained, to the sum of $3,300 from $2,200, the contract price.

Steps were adopted to bring in these other parties alleged to be interested, and at Spring Term, 1880, it was "adjudged that the defendants have been duly served with process, and one W. E Harden was appointed guardian *ad litem* to those ascertained to be minors, and he put in an answer admitting the plaintiff's allegations to be true." '

The cause being in the Superior Court, and under the direct cognizance of the Judge, after several continuances, at Spring Term, 1888, was, by consent, referred to Q F. Neal, Esq., " to take the evidence, find the facts thereon, and report the same, with his conclusions of law arising upon the objections filed by David Edwards, to judgment being rendered against him for the purchase money for the lands purchased by him, and especially whether the plaintiff can make a good title to the said land."

The report was accordingly made, in which are found the facts, which have been briefly stated, in greater detail and accuracy ; and, further, that at the hearing before the referee, on August 9, 1888, Messrs. Field & Doughton, attorneys of said Court, declared that they were the attorneys of record, and in this case represented the heirs of A. B. McMillan, deceased ; "which fact," in the words of the referee, " *I find*

*to be true*, and, as such attorneys, they fully acquiesce in and agree to said sale, and here *insist upon its confirmation*, agreeing to submit to any orders or decrees of this Court, now or hereafter to be made, by which the title to said land may be perfected to the respondent and divested from the heirs of A. B. McMillan, deceased." The referee adds that the attorney of the widow of the deceased, Kelley Boyer, Esq., "also agreed to any decree, as to her rights, so as to perfect the title in the respondent." As conclusions of law, the referee finds as follows:

"1. I decide that all the interests of Pierce, Hale & Co., and of Pierce & Jennings, in this land, has been divested from them by the compromise above mentioned, and the proceedings and judgments of this Court instituted to bar and conclude their said interests, and also by the presumption of abandonment arising under chap. 65, § 19, of the Revised Code, as construed by the case of *Headen* v. *Womack*.

"2. That the heirs of A. B. McMillan were properly before the Court in this case, as defendants, it having been so adjudged by the Court, and that the facts in the case bring it within the letter and spirit of § 185 of *The Code*.

"3. Upon the main question involved, I decide that the Clerk of the Superior Court of Alleghany has no jurisdiction over the subject-matter of this suit, brought by the plaintiffs as administrators; for the sale of land for distribution as personal assets, made by consent of many of the heirs, or all of them, indeed, did not confer jurisdiction upon the said Court, or authorize or legalize the orders and decrees made therein; and for want of jurisdiction, the order of sale, and all the proceedings in the said suit, were a nullity. The title to said land being in the heirs of A. B. McMillan, deceased, divested of all equities in Pierce, Hale & Co., or others, the plaintiffs, as administrators, cannot perfect the title to the respondent."

" 1. The plaintiff excepted to the report, in that the referee ruled that the Probate (Superior) Court has not jurisdiction of the subject-matter of the action.

" 2. That he erred in finding as a conclusion of law in his third conclusion that the plaintiffs and defendants could not, by waiving all irregularities, and could not by consent, confer such jurisdiction upon this Court (the Superior Court) so as to enable it to vest in the respondent a title to said land."

Respondent D. C. Edwards excepts to the report of the referee:

"For that the referee erred in his conclusions of law (marked 2), that the heirs of A. B. McMillan, who had not been served with process, were bound by the orders of the Clerk; that those served could answer for all."

The following judgment was rendered at Fall Term, 1888, by Connor, Judge:

"This cause coming on for a hearing upon the report of Quincy F. Neal, Esq., referee heretofore appointed herein, and the exceptions thereto, the plaintiffs being represented by Messrs. Vaughan & Boyer, the defendants by Messrs. R. A. Doughton and W. C. Fields, and the purchaser, also a defendant, by J. W. Todd, Esq., all of said counsel being regular attorneys of this Court, and duly empowered to represent their said duties in this behalf, the defendants, upon the intimation of the Court that the names of the defendants not appearing in the summons, the same was defective, requested and obtained permission to file the supplemental petition, setting out the names of all of the defendants and heirs-at law of A. B. McMillan, deceased, and requesting the confirmation of the sale heretofore made in this cause, and the Court, finding, as a fact, that the names of the persons set out in said supplemental petition are all of the heirs-at-law of the said A. B. McMillan, deceased, and that Messrs. R. A. Doughton and W. C. Fields, attorneys as aforesaid,

have powers of attorney from said persons, proceeded to hear and pass upon said exceptions of the parties to said report.

"The report is so amended that the first exception of the plaintiffs and defendants became immaterial.

"The supplemental petition filed by the defendants removing the objection upon which the exception filed by D C. Edwards, the purchaser, is based, the said exception is overruled.

"In regard to the other exceptions filed by the plaintiffs and the defendants, the Court being of the opinion that the judgment rendered in the Superior Court of Alleghany County, in the action wherein the plaintiffs, administrators of A. B. McMillan, were plaintiffs, and Pierce & Jennings and others were defendants, wherein the defendants, heirs-at-law of said A. B. McMillan, were plaintiffs, and the said Pierce & Jennings and others were the defendants, vested the legal title to the lands in controversy in the heirs-at-law of said A. B. McMillan, discharged of any trust, and that the plaintiffs, as administrators, had no power or duty in respect to the same. That the Clerk had no jurisdiction to render the judgment directing a sale of said land for the purpose set out in said petition. That the summons and all the proceedings had in said proceeding are *injudicious.*

"The Court being further of the opinion that the plaintiffs and defendants, being the owners of the said lands, were entitled to a sale thereof for partition, and that they had a right to elect to so treat and regard this proceeding, and waive all irregularities therein. That they have so elected, and that they are entitled to have the sale and all proceedings in connection therewith ratified and confirmed. That the purchaser, having entered into the possession of the said land under and by virtue of said sale, and received the rents and profits thereof since 1875, cannot be heard to object to the confirmation thereof and payment of the purchase money, upon a good and sufficient deed being tendered him.

"It is therefore considered and adjudged by the Court (the parties, pursuant to the act of 1887, chapter 276, having requested that the cause be retained in this Court for final judgment), that the sale made to D. C. Edwards by the plaintiffs, pursuant to the judgment herein, be and the same is in all things confirmed, and that all orders, judgments and decrees heretofore made in this cause in respect to said sale be confirmed. And that upon the payment of the *purchase* money and interest due from said D. C. Edwards, according to the terms thereof, to the commissioners hereinafter named, the said commissioners to execute a good and sufficient deed to said D. C. Edwards, conveying to him all of the right, title and interest which the plaintiffs and defendants acquired in said lands as the heirs-at-law of A. B. McMillan; also all right to dower therein which the defendant Mary Alexander acquired as the widow of the said A B. McMillan; that the said D. C. Edwards pay to the commissioner hereinafter named, within ninety days from January 1, 1889, the amount of said purchase money and interest due as aforesaid; that upon his failure to pay said purchase money within said time, the said commissioner to proceed to sell the said lands for cash, at the court-house door in Sparta, first giving thirty days' notice of such sale in the newspaper having the largest circulation in said county, and posting a notice thereof at the court-house door and four other public places in said county.

"That in the event such sale becomes necessary, he make report thereof to the term of this Court next ensuing thereafter.

"That W. C. Fields, Esq., be and he is hereby appointed a commissioner, with power to perform and execute the provisions of this judgment, and make report thereof to the next term of this Court. The exceptions of the plaintiffs and defendants _____ ____

"That _____ of the dower of Mary Alexander may be ascertained by a referee. The costs will abide the final judg-

ment herein. The cause will be retained for further orders and decrees."

On the judgment was written: " We hereby assent to the provisions of the foregoing judgment."

This was signed by counsel for the plaintiff F. J. McMillan, the counsel for A. B. McMillan's heirs, and the counsel for Polly Alexander.

The respondent David C. Edwards appealed.

No counsel for the plaintiffs.

*Messrs. C. M. Busbee* and *G. V. Strong,* for the appellant.

SMITH, C. J. (after stating the facts). It will be seen from the foregoing recapitulation of facts and rulings, that the appeal of the respondent Edwards brings up for review but two questions:

1. The validity and effect of the jurisdiction exercised in ordering and confirming the sale; and

2. The sufficiency of the proceeding to bind all the parties in interest by a conveyance made under the direction of the Court.

The first of these exceptions has been most earnestly pressed in the argument, and the conclusion of the referee maintained by the counsel of the appellant, of a total want of jurisdiction and consequent nullity in the proceeding.

There seems to be some misapprehension of the nature and purposes of the action, having for its object the sale of the land and its conversion into *personal assets,* with which, ordinarily, the administrator has nothing to do, unless the fund to be raised by the sale of the realty is required to pay the debts and expenses of administration.

The administrators came into possession of the debt due for the purchase money, and the legal estate in the land descended to the heirs, charged with its payment. They were but trustees holding the title as security for the payment of the

debt, and interested, only as distributees, in having it discharged by the proceeds of sale, the vendees being insolvent, and this being the only means of obtaining payment. Their interest in the subject-matter lay in securing an enlargement of the personal estate passing into the hands of the administrators, and with which he was chargeable. The action upon the note was brought, as well as that in the name of the heirs-at-law, to regain possession of the land, to compel an appropriation of the land to the discharge of the debt, and the compromise was effected, primarily, to obtain the land exonerated from liability under the title bond as a security for the debt, to be surrendered for that purpose, in place of the personal obligation assumed in the note. It was proposed in this way, not to extinguish the debt and *pro tanto* diminish the personal estate in the administrator's hands, but, as it was the only resource from which the debt could be made, to accept the land itself, the purchasers surrendering the title bond, and all equities and rights arising under it, as the sole security, and to raise the money by subjecting it to a sale. The result would of course be to replace for the note whatever sum could be made by selling the security, in the personal estate of which the note constituted a part. To this end the assent of the heirs was necessary, and was given in the adjustment arrived at, and consummated in the disposition of the two actions, as far as could be, by the parties to them.

But the sum lost in the surrender of the note could only be reinstated, and the personal estate belonging to the distributees made good, by the sale of the land, and hence recourse was had to the present proceedings to divest the title out of the heirs, who, being numerous and scattered, and some of them under age, could not, by voluntary deeds, effectually pass the title to a purchaser.

It is not material to inquire into the question of the jurisdiction invoked in initiating the suit, since any objection on

this account is obviated by the removal of the cause into the Superior Court, presided over by the Judge, and the submission of all the parties thereto to his exercise of jurisdiction in the premises, as fully as if the action had there originated. As, then, the Court, assuming to exercise jurisdiction, did possess it fully over the subject-matter of the action and the parties to it, in which all the heirs were represented by counsel, the cause was, in a strict sense, *coram judice*, under the rulings in *West* v. *Kittrell*, 1 Hawks, 493, and *Boing* v. *Railroad*, 87 N. C., 360, even without the aid of the act of 1887, ch. 276, which sustains the jurisdiction thus acquired, and authorizes the Court " to proceed to hear and determine all matters in controversy in such action," &c.

No exception has been taken at any time by any party to the action. On the contrary, by their respective counsel, they have at all times assented to what was done, and even to the final decree rendered in the cause.

The appellants' objection has no force unless the proceeding, in its entirety, is a nullity, and it certainly cannot require argument to combat such contention. *Norwood* v. *Peoples*, 94 N. C., 167.

There can be no successful resistance made to the proposition that a title obtained under the decree or judgment to which all those having any property or interest in the land are privy as parties, in a case whereof the Court has cognizance, will be perfected against them, and each, *sui juris*, estopped to dispute it.

While the want of power in the Court to entertain and proceed with the cause has been most urged in the argument before us, the appellants' only exception, appearing in the record, is the alleged ruling that the service of process on some of the defendants, on account of their number, would be sufficient to bind all under § 185 of *The Code*. The act does so indeed provide; but if it were otherwise, the whole of the

heirs are represented by counsel, professing to act for all, and the decree itself recites that the names of the defendants set out in the supplemental petition " are *all of the heirs-at-law* of the said A. B. McMillan," and that the attorneys, R. A. Doughton and W. C. Fields, appearing for them, " have powers of attorney from said persons " These facts come before us not controverted, and remove, if there be any force in the objection, the complaint of the ruling from which the appeal is taken.

The other alleged defects set out in the appellants' response seem not to have been relied on at the hearing below, and are not the subject-matter of the complaint presented in the appeal.

There is no error, and the cause will proceed at the point where it was interrupted by the appeal, until fully disposed of.

No error. Affirmed.