THE STATE v. 'L. G. SYKES.

*Jurisdiction—Justices of the Peace.*

1. If a Justice of the Peace, under a mistake as to his jurisdiction, binds over one charged with a violation of a criminal law to answer in a Superior Court, when he should have exercised final jurisdiction, the Superior Court will direct that the cause be remanded to the proper tribunal, and that defendant enter into recognizance for his appearance thereat.

2. Where a Justice of the Peace improperly exercises jurisdiction in criminal actions by a final hearing and disposition, the Superior tribunal possessing rightful jurisdiction may direct that the proceedings be brought before it, and make such orders as may be necessary to correct the error.

This was an Appeal from an Order made by *Bynum, J.,* at the Spring Term, 1889, of the Superior Court of ORANGE County.

The defendant was arrested on the warrant of a Justice of the Peace, charging him with selling spirituous liquors within four miles of Chapel Hill, in violation of § 2646 of *The Code,* and after a preliminary hearing was bound over to answer the charge in the Superior Court.

Upon ascertaining that the sale of the liquor was alleged to have been made within six months before the issuing of the warrant, the Solicitor moved to remand the case for trial to the Justice of the Peace who had issued the warrant, on the grounds that the punishment, by the terms of the law, could not exceed a fine of fifty dollars or imprisonment for thirty days, and the Justice of the Peace, and not the Superior Court, had original jurisdiction to try the offence. This motion was allowed, and the defendant excepted and appealed.

*The Attorney General* and *Mr. John Manning,* for the State.
*Mr. John W. Graham,* for the defendant.

AVERY, J.: We think that there was no error in allowing the motion of the Solicitor to remand the case to the rightful jurisdiction.

When an inferior Court, having original jurisdiction of a case, transfers it improperly for trial or hearing to a higher one, which could take cognizance of it only on appeal, an order in the nature of a *procedendo* that the case be sent to the lower tribunal for trial is the proper procedure. Rapalje and Lawrence's Law Dic., p. 1016.

It is an exercise of the inherent power of the Superior Court for the purpose of preventing the escape of the guilty, or a failure of justice, by reason of the mistake of a judicial officer in determining when he has the right to try an offender, and where only the trial of a committing magistrate to hear the evidence and decide whether it shows probable cause. And if the situation were just the converse of that presented by this appeal; if a Justice of the Peace had assumed jurisdiction of a criminal offence cognizable only in the Superior Court, and had pronounced judgment, and refused the defendant an appeal to which he was entitled, in that case the Superior Court would, on his petition, order the Justice to send up the transcript of his proceedings with the original papers, restore to the defendant any costs or fine paid by him, and grant him reasonable bail for his appearance before the higher Court.

If the Solicitor omitted to move the Court to put the defendant in the custody of the Sheriff till he should give bond in a reasonable sum for his appearance before a Justice of the Peace on a day certain, it furnishes no just cause of complaint on the part of the defendant. When the papers go back to the Justice, with a copy of the order remanding the case, he must now issue another warrant for the arrest of the defendant, which he can do without a new complaint. *State* v. *Dula,* 100 N. C., 423.

The judgment of the Court below is affirmed.

Affirmed.