STATE v. WILLIAM IVIE.

*Bastardy—Removal of Causes in Magistrate's Court—Autrefois Acquit—Procedendo, When Proper—Appeal by State.*

1. Under *The Code*, Section 907, it is the duty of a justice of the peace, upon affidavit and motion for a removal being filed, to remove the case to another justice residing in the same township. If there be no other justice in the same township he can remove the case to the justice of some neighboring township. If the case is removed to a justice of a neighboring township when there is another justice in the same township in which the action commenced, the justice to whom the case is thus removed has no jurisdiction and his judgment is void.

2. Where, upon appeal to a higher court, it appears that the proceedings and judgment under which a prisoner charged with a criminal offense was arrested or sentenced in a justice's court are void for irregularity, the prisoner should not be allowed to escape, but a *procedendo* should issue to the justice, to the end that the charge be again and lawfully inquired into

3. It is only where a judgment is rendered by a court having jurisdiction that it is available as a plea in bar.

CRIMINAL ACTION for bastardy, tried before *Norwood, J.,* at January Term, 1896, of ROCKINGHAM Superior Court.

The prisoner was arrested on a warrant charging bastardy, issued by a justice of the peace in Wentworth township. Prisoner applied for removal of the case upon affidavit in due form. Although there were at the time other justices of the peace in Wentworth township, the justice transferred the case to a justice resident in Leaksville township, adjoining Wentworth. When the case was called for trial before the justice to whom it had been

STATE *v.* IVIE.

thus removed, the State moved to dismiss for the want of jurisdiction in such justice.

This motion was overruled, and defendant was tried and acquitted. The State and the prosecutrix appealed to the superior court.

When the case was called for trial in the superior court, the State moved to remand it to the justice who originally issued the warrant, for trial or removal to some other justice in Wentworth township. This motion was opposed by defendant.

The court gave judgment remanding the cause to said justice, upon the ground that the justice in Leaksville township had no jurisdiction to try the action.

The defendant excepted and appealed to the Supreme Court, assigning as errors the action of the court:

"1. In remanding the cause as above set out.

"2. In holding that the justice in Leaksville township had no jurisdiction to try the cause."

*The Attorney General*, for the State.

*Messrs. H. R. Scott* and *Dillard & King*, for defendant (appellant).

AVERY, J. : Before the passage of the Act of 1880, (*The Code*, Sec. 907) the justice before whom a warrant charging a defendant with bastardy was returned had jurisdiction to try, and could not have been compelled to remove the case for trial to another justice. That statute provided that " in all proceedings and trials before justices of the peace," upon affidavit of either party to the effect that he cannot obtain justice in the court in which it is pending, the action must be removed to the court of " some other justice residing in the same township," or to the court of a justice of some neighboring township, " if *there be no*

*other* justice in said township." Under the statute, the justice, on the filing of the affidavit, was not authorized by the statute to remove the case for trial to a neighboring township when there was another justice in his own. It was not intended by the Legislature, in giving one party the opportunity to object to trial before a court where there might be some prejudice against him, to afford such party or the objectionable officer the opportunity to annoy his adversary by forcing him unnecessarily to go to a point remote from his home, with all the additional cost and trouble incident thereto. The order of removal was unauthorized and void, and the justice who tried the action had no jurisdiction. Though bastardy is now a petty misdemeanor, it is only where a court has jurisdiction, that a verdict of acquittal is available as a plea in bar. *State* v. *Powell*, 86 N. C., 640 ; *State* v. *Wynne*, 116 N. C., 981. Where, under the Act of 1868, the complaint was not filed by the injured party, or there was a failure to comply with any of the prerequisites to clothing a justice of the peace with jurisdiction, it was repeatedly held, not only that the whole proceeding before the magistrate's court was void, but that, on appeal, the superior court acquired no jurisdiction. If a sufficient time had elapsed for the higher court to acquire concurrent jurisdiction, a new bill could not be sent, but the prosecutor was taxed with the costs of the original void proceeding.

In order to the validity of a proceeding, whether civil or criminal, as constituted in the court of the justice or when considered in a higher court on appeal after originating before such a tribunal, it was held that the record must affirmatively show every thing necessary to confer the jurisdiction upon the justice's court. *State* v. *Johnson*, 64 N. C., 581 ; *Allen* v. *Jackson*, 86 N. C., 321. In *State* v. *Cherry*, 72 N. C., 123, it was held that the courts

had no right to infer, from an attempt in express language
to confer upon justices of the peace jurisdiction of an
offence, a legislative intent, not expressed, but by implica-
tion, to reduce the punishment for that particular kind of
larceny so as to bring it below the limit prescribed in the
Constitution, Art. IV., Sec. 27.  It being admitted that
there were other justices of the peace in Wentworth
township, the justice in Leaksville township had no
authority to try the case, and his judgment was void.

It was held in *State* v. *Sykes*, 104 N. C., 700, that where
a justice of the peace, having original jurisdiction of a
criminal offence charged in a warrant, transfers it by mis-
take to a higher court which can take cognizance only on
appeal, it is the duty of the higher court to issue an order
in the nature of a *procedendo* to the court where it origi-
nated.  This was declared to be an exercise of the inherent
power of the court to prevent the failure of justice by the
escape of a guilty party.  Here the justice who issued the
warrant had original jurisdiction but the statute made it
his duty, on the filing of the affidavit, to remove the case
for trial to a justice in the same township.  The defendant
has never been lawfully convicted, but he ought not to
have been allowed the opportunity to escape, and therefore
the court properly directed that an order issue to the jus-
tice who signed the warrant to proceed, not to try the
indictment, but to provide by order for its removal to some
justice living in the same township, unless the application
for removal should be withdrawn.  This we understand
to be the meaning of the words, " for trial or removal to
some justice resident in Wentworth township," and upon
that construction of the order of the court the judgment
is affirmed.                                      Affirmed.