J. T. WILSON *v.* LIFE INSURANCE COMPANY OF VIRGINIA.

(Filed 3 May, 1911.)

1. Insurance — Parol Evidence — Policy — Merger — Cancellation — Reformation.

An acceptance of a policy of insurance merges all prior parol agreements and inducements leading up to it, and parol agreements may not vary, alter or contradict the written terms of the policy unless and until reformed or set aside in an action for mistake or fraud.

2. Insurance—Policy—Fraud or Deceit—Equity—Justice's Court—Jurisdiction.

A policy of life insurance may not be reformed on the ground of fraud or deceit in a court of a justice of the peace, the remedy sought being equitable, and the justice of the peace having no jurisdiction thereof.

3. Same—Appeal—Superior Court.

When the plaintiff seeks only equitable relief in a court of a justice of the peace, no jurisdiction can be acquired over the subject-matter by the Superior Court on appeal, the proceedings being void *ab initio.*

**4. Insurance—Justice's Court—Jurisdiction—Contract—Tort.**

An action brought by an insured to recover money due to him by an insurance company under its policy, whether in contract or tort arising in the transaction, is cognizable in a court of a justice of the peace where the recovery sought does not exceed the sum of $50 and no equitable remedy is sought.

**5. Contracts—Fraud and Deceit—Evidence.**

Evidence considered and held insufficient to establish actionable fraud or deceit.

CLARK, C. J., concurs in the result.

APPEAL from *Daniels, J.,* at January Term, 1911, of DURHAM.

Civil action heard on appeal from justice of the peace before his Honor F. A. Daniels, judge, and a jury, at January Term, 1911, of the Superior Court of Durham County. Evidence was offered, and on the argument before the court the jury, the court, having intimated an opinion that on the evidence, if believed, plaintiff was not entitled to recover, in deference to such intimation, plaintiff duly excepting, submitted to a nonsuit and appealed.

*Manning & Everett; Branham & Brawley for plaintiff.*
*Bryant & Brogden for defendant.*

HOKE, J. There was no error in the ruling of the court below. It appeared that on 21 of March, 1898, plaintiff took out a life insurance policy in defendant company, insuring his life for a period of ten years on payment of weekly premiums, and at the end of the specified time the policy contained several options looking to a continuance of the same on certain terms and also one numbered four in words as follows:

"4. Surrender this policy and draw the entire cash value, that is, the legal reserve computed according to the actuaries table of mortality and four per cent interest, together with the dividend." The premiums having been paid for ten years and plaintiff having elected to terminate the contract relation under the fourth option set out above, the claim was calculated and the amount due under the provisions of said option $3.62 was duly tendered plaintiff and refused. Plaintiff made the refusal on the ground that the agent of the company during the bargain about the

policy assured plaintiff that at the end of ten years he would get back the premiums and interest thereon at four per cent and on the trial testified to that effect.

We have said in *Floars v. Insurance Co.,* 144 N. C., p. 232-235: "It is also accepted doctrine that when the parties have bargained together touching a contract of insurance and reached an agreement, and in carrying out, or in the effort to carry out, the agreement a formal written policy is delivered and accepted, the written policy, while it remains unaltered, will constitute the contract between the parties, and all prior parol agreements will be merged in the written instrument; nor will evidence be received of prior parol inducements and assurances to contradict or vary the written policy while it so stands as embodying the contract between the parties. Like other written contracts, it may be set aside or corrected for fraud or for mutual mistake; but, until this is done, the written policy is conclusively presumed to express the contract it purports to contain," citing Beach's Laws of Insurance, secs. 495, 496; Vance on Insurance, pp. 163, 348; *Insurance Co. v. Mowry,* 96 U. S., p. 547. This position being well recognized and the policy not providing for any such settlement or adjustment of plaintiff's claim as he now demands, a recovery could only be had by reformation of the policy or on the ground of fraud or deceit. The action having originated in the court of a justice of the peace and that court having no equitable jurisdiction in actions for reformation of written instruments, the first ground of relief is not open to plaintiff. *Berry v. Henderson,* 102 N. C., p. 525; *Dougherty v. Sprinkle,* 88 N. C., p. 301; *Fisher v. Webb,* 84 N. C., p. 44. And the demand can only be maintained, if at all, on the second ground stated, for fraud or deceit. The suit being for no more than fifty dollars, there is no defect of jurisdiction in this aspect of the case whether the action be considered as one in tort or in contract. *Stroud v. Insurance Co.,* 148 N. C., p. 54; *Duckworth v. Mull,* 143 N. C., p. 461.

We concur in the opinion, however, that the evidence is not sufficient to sustain an action for fraud or deceit. Nor would it justify a reformation of the policy on that ground. True, plaintiff testified that defendant's agent assured him in general terms

that the investment was as good as a savings bank and told him that under this clause four he would get his premiums back with interest at four per cent, but these representations were not of a kind nor under circumstances that justified plaintiff in relying upon them, nor would they uphold the view that an actionable fraud had been perpetrated. The testimony showed that plaintiff was a man of fair intelligence and some business experience. He could read and write, had worked for about twelve months in a furniture store, taking written leases from purchasers; that he also worked in a grocery store five or six years, selling goods on time and entering up the items of charge in the credit department of the business, and in a hardware store for some months, where he had done the same thing; that plaintiff and defendant's agent, who solicited the insurance, had worked in a mill together, and there was nothing to show any disparity between them either in intellect or information, and the case, we think, comes clearly under the class considered and passed upon in *Cathcart v. Insurance Co.*, 144 N. C., p. 623, and *Clements v. Insurance Co.*, at present term.

There is no error and the judgment of nonsuit is

Affirmed.

CLARK, C. J., concurs in the conclusion and in the opinion, but dissents from the following dictum: "The action having originated in the court of a justice of the peace, and that court having no equitable jurisdiction in actions for reformation of written instruments, the first ground of relief is not open to plaintiff."

1. The Constitution, Art. IV, sec. 1, provides: "The distinctions between actions at law and suits in equity, and the forms of all such actions and suits, shall be abolished; and there shall be in this State but one form of action, for the enforcement or protection of private rights or the redress of private wrongs which shall be denominated a civil action." This provision is not restricted to the Superior Court, but applies to all courts. Section 27 of the same article confers upon justices of the peace jurisdiction "of civil actions founded on contract wherein the sum demanded does not exceed $200; and wherein the title to

real estate shall not be in controversy"; and authorizes the General Assembly to confer upon justices of the peace "jurisdiction of other civil actions wherein the value of the property in controversy does not exceed $50." Accordingly the Legislature has conferred such additional jurisdiction in Revisal, 1420. The phrase, "property in controversy," has been held to mean the value of the injury complained of or the amount in controversy. *Malloy v. Fayetteville,* 122 N. C., 480; *Watson v. Farmer,* 141 N. C., 453; *Duckworth v. Mull,* 143 N. C., 464. There is nothing therefore in either the Constitution or the statute which denies a justice of the peace jurisdiction of a controversy within the amounts above specified on the ground that an action is equitable in its nature, the only exception is "when title to real estate is in controversy." It has been held that the justice has jurisdiction of an equitable defense within the prescribed amount. *Levin v. Gladstein,* 142 N. C., 494. If so, he necessarily has jurisdiction of an equitable cause of action within that limit.

2. Even if the justice of the peace did not have jurisdiction, the case having gone by appeal to the Superior Court, that court has full jurisdiction. This has been held in *McMillan v. Reeves,* 102 N. C., 559, wherein *Smith, C. J.,* says: "It is not material to inquire into the question of the jurisdiction invoked in initiating the suit, since any objection on this account is obviated by the removal of the cause into the Superior Court presided over by the judge, and the submission of all the parties thereto to his exercise of jurisdiction in the premises, as fully as if the action had there originated. As, then, the court, assuming to exercise jurisdiction, did possess it fully over the subject-matter of the action and the parties to it, in which all the heirs were represented by counsel, the cause was, in a strict sense, *coram judice,* on the ruling in *West v. Kittrell,* 8 N. C., 493; and *Boing v. R. R.,* 87 N. C., 360, even without the aid of Laws 1887, ch. 276, which sustains the jurisdiction thus acquired and authorized the court 'to proceed and hear and determine all matters in controversy in such action,' etc."

In *Boing v. R. R.,* 87 N. C., 363, it was held that where the subject-matter of the action is one of which the court of the

justice of the peace and the Superior Court have concurrent jurisdiction, and the case is carried by appeal to the Superior Court, the latter will retain jurisdiction though the proceedings in the court of the justice of the peace are void for irregularity. This can only be sustained upon the ground that the case having gotten into the Superior Court which has jurisdiction, the notice of appeal has the same efficacy as the service of a summons in bringing the defendant into court. In *West v. Kittrell,* 8 N. C., 493, it was held that where a case was irregularly carried to the Superior Court from the county court the former will retain jurisdiction, if it was a subject-matter of which the Superior Court would have had jurisdiction if the action had originally been instituted in that court.

The jurisdiction of the Superior Court is fixed by the Constitution, and when it has jurisdiction of the controversy, upon the above authorities, it has it fully, regardless whether the cause originated in a lower court or in the Superior Court. The doctrine of derivative jurisdiction (though sustained by some cases), whereby a case brought by appeal to that court is dismissed in order that it may straightway be brought back by a summons, has no foundation in the Constitution or in reason.

No plaintiff will subject himself to the delay and expense of bringing an action before a justice of the peace when the jurisdiction is clearly in the Superior Court. A judgment by a justice of the peace when he has no jurisdiction would be a nullity. But when by appeal the cause gets into the Superior Court, nothing is to be gained by dismissing the action. The trial should proceed. If amendments, or the defense set up, bring in matters of which the justice would not have had jurisdiction, that is no reason why the Superior Court having obtained jurisdiction by the notice of appeal, should not proceed with the trial.