STATE v. R. Y. McADEN.

(Filed 5 March, 1913.)

1. Courts—Justice of the Peace—Jurisdiction—Words and Phrases —Interpretation of Statutes.

A statute making its violation a misdemeanor, and prescribing a punishment by a fine not exceeding $50 or imprisonment not exceeding twenty days, "or both," by the words "or both" takes away the final jurisdiction of a justice of the peace, and on appeal therefrom the motion of the defendant to quash should be granted in the Superior Court.

2. Courts—Jurisdiction—Justice of the Peace—Constitutional Law —Limitations—Practice.

A statute which attempts to confer on a justice of the peace final jurisdiction where the punishment prescribed therein exceeds the constitutional limitation, is inoperative as to the magistrate's jurisdiction, except to bind over to the Superior Court, which latter court may then proceed to try the case only upon a true bill of indictment returned by a grand jury.

CLARK, C. J., concurring.

APPEAL from *Carter, J.,* at January Term, 1912, of FRANKLIN.

The defendant was indicted for violating chapter 445, Laws of 1909, regulating the use of public highways by motor vehicles.

From the verdict of guilty and the judgment thereon, the defendant appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*W. H. Yarborough, Jr., for the defendant.*

Brown, J. The defendant was tried and convicted in the justice of the peace court for violating section 18, chapter 445, Laws of 1909, which reads as follows:

"Any person violating any of the provisions of this act shall be guilty of a misdemeanor, and any one who shall be convicted thereof, or who shall plead guilty to any complaint for the violation thereof, shall be punished by a fine not exceeding $50 and costs of prosecution, or by imprisonment not exceeding twenty days, or both."

Section 19 provides that "All police justices of any city or justices of the peace of any township where any such violation shall occur shall have jurisdiction to hear, try, and pass sentence for any and all violations of any of the provisions of this act."

The warrant in this case was issued by a justice of the peace. The justice adjudged the defendant guilty and imposed a sentence of $10 and costs, from which judgment the defendant appealed to the Superior Court.

In the Superior Court the case was tried *de novo* upon an amended warrant, without a bill of indictment.

It is plain that under the Constitution the justice's court had no final jurisdiction, as the punishment prescribed for the offense exceeds the limit fixed by the organic law.

The attempt to give the justice of the peace final jurisdiction is rendered abortive by the addition of the words "or both" at the end of section 18 of the act.

The act conferring final jurisdiction is of no effect unless the punishment prescribed is within the constitutional limitation. The justice had no jurisdiction except to bind over, and

the Superior Court could proceed to try only upon a true bill of indictment returned by the grand jury. *S. v. Fesperman,* 108 N. C., 770; *S. v. Perry,* 71 N. C., 523; *S. v. Cherry,* 72 N. C., 123; *S. v. Heidelburg,* 70 N. C., 496; *S. v. Vermington,* 71 N. C., 264; *S. v. Hooker,* 145 N. C., 581; Connor and Cheshire on Const. of N. C., p. 581.

The point presented by this appeal has been so frequently decided that a further discussion of it is unnecessary.

The motion to quash the proceeding is allowed, and the proceeding dismissed.

Reversed.

CLARK, C. J., concurs that the use of the words giving the court power to impose "a fine not exceeding $50, or imprisonment not exceeding twenty days, *or both,*" deprived the justice of the peace of final jurisdiction, for the extent of the punishment permissible determines the jurisdiction. *S. v. Fesperman,* 108 N. C., 770.

In *S. v. Neal,* 120 N. C., 618, it is said: "The case was tried before a justice of the peace, and the defendant appealed. In the Superior Court, a bill of indictment was found by the grand jury and the defendant was tried thereon. Therefore, in any aspect, there was jurisdiction. Whether the court acquired it by the appeal, or had original jurisdiction by the indictment, it is immaterial to decide." In this case, on the trial in the Superior Court on appeal, the defendant did not raise the objection that there should be an indictment found, but, on the contrary, merely asked for a bill of particulars, which was furnished. This being merely a misdemeanor, there is no reason why a defendant should not be allowed to "waive a bill," as we know is not unusual practice on the circuit. If the defendant does not desire an indictment, and the offense is a petty misdemeanor, there can be no cause why he should be subjected to the costs and delay attendant thereon. It is not unusual nor reprehensible practice, and no good reason can be given against it.

The law is not beyond being modernized by a little everyday common sense. The persistent tendency of the age is to

162—37

render law and its practice and procedure more an institution of to-day and to give less heed to methods of procedure which, if ever founded upon good cause, were based upon reasons which long since have ceased to exist.

In this connection, it may be well to observe that when there is an ·appeal from a justice in a criminal case, if an indictment· is found, though' the justice had no jurisdiction,· the appeal is not dismissed, but the trial proceeds. There can be no reason why the same rule should not apply on appeals from the justice in civil actions of which he had no jurisdiction. In such case, in analogy to appeals in criminal actions, the complaint should be amended and the action proceed. There can be no reason to dismiss the party, who is already in court, and thereupon send the officer to bring him back· into court. This has been discussed in *Unitype Co. v. Ashcraft,* 155 N. C., at p. 71, and in *Wilson v. Insurance Co., ib.,* at p. 177.

In *McMillan v. Reeves,* 102 N. C., 559, *Smith, C. J.,* says, on a similar proposition: "It is not material to inquire into the question of the jurisdiction invoked in initiating the suit, since any objection on this account is obviated by the removal of the cause into the Superior Court presided over by the judge."

In *Boing v. R. R.,* 87 N. C., 363, it was held that where the subject-matter of the action is one of which the court of the justice of the peace and the Superior Court have concurrent jurisdiction, and the case is carried by appeal to the Superior Court, the latter will retain jurisdiction, though the proceeding in the court of the justice of the peace was void for irregularity. The ground is that the case having gotten into the Superior Court, which has jurisdiction, the notice of appeal had the same efficacy as the service of a summons in bringing the defendant into court.

As far back as *West v. Kittrell,* 8 N. C., 493, it was held that where a cause was carried to the Superior Court from a lower court the former would retain jurisdiction if it were a subject-matter of which the Superior Court would have had jurisdiction, if the action had been originally instituted in that court.

The sole object in serving a summons is to give the defendant notice to come into court. When he has had a trial, on a *bona*

*fide* mistake of jurisdiction by the plaintiff, before a justice of the peace, and the case is tried on appeal in the Superior Court, the defendant has really had a more sufficient notice, and is better prepared to try, than if he had originally been served with summons to appear in the Superior Court. There can be no good end served by dismissing an action thus brought into the Superior Court by appeal, and requiring the defendant to be again brought into the same court by the service of a summons, to try the same case. Such restricted views of the function of a court have disappeared in all other like instances.

Formerly, if an action was brought in a wrong county, or erroneously at law when it should have been in equity, or *vice versa,* or if begun before the clerk when it should have been begun in the Superior Court, the action was dismissed. Now in all these cases the case proceeds to trial. In the first named case there is merely a transfer to the proper court, if objection is made, but not otherwise. In the last case, the Superior Court having jurisdiction of the subject-matter proceeds with the trial as if the cause had originally been instituted therein, though the other court wherein it began had no jurisdiction.

The same common-sense method should be applied to appeals from a justice of the peace in civil actions, at least whenever the judge is of opinion that through a *bona fide* mistake of the plaintiff as to jurisdiction it was erroneously begun before the justice. The object of the law is more and more clearly seen to be the administration of justice, without unnecessary regard to technicalities or fine distinctions as to matters of pleadings. We also certainly should not see the spectacle of parties being turned out of court to be brought back into the same court to litigate the same matter. The additional exaction of the added delay and cost being unnecessary, such methods cannot commend themselves to our judgment.