O. L. HOLMES ET AL. v. GRAY BULLOCK ET AL.

(Filed 22. October, 1919.)

**Courts—Jurisdiction—Pleadings—Amendments—Highways—Public Roads—Cartways—Appeal and Error—Procedure.**

Township supervisors have authority over petitions to lay out cartways only, without that to lay off highways, the latter being for the county commissioners, and not the former. Hence, where the prayer of the petition for a cartway has been granted by the supervisors, appealed to and affirmed by the county commissioners, and thence goes to the Superior Court, on further appeal, the jurisdiction of the court is derivative from that of the supervisors, and the court, by amendment, cannot extend the jurisdiction by permitting an amendment so as to lay out a highway; and, when this appears to have resulted on appeal to the Supreme Court, the amendment will be stricken out, and the Superior Court will proceed to pass upon the case as presented before the amendment was allowed.

CLARK, C. J., concurs in part.

PROCEEDINGS for a cartway, tried before *Stacy, J.,* and a jury, at March Term, 1919, of CUMBERLAND.

This is a proceeding commenced by petitioners before the board of supervisors of Flea Hill Township (Cumberland County), for a cartway starting at a point on the national highway and extending along the

lines of lands of defendants to a place near the lands of O. L. Holmes, one of the petitioners. The petition was filed alleging that it was a public necessity that such a cartway should exist, as the petitioners and others were in great need of a road on which to go to church, to mills, schools, etc. From an order by the board of supervisors to lay out a cartway, the defendants appealed to the board of commissioners of Cumberland County, and said commissioners sustained the action of the supervisors, and ordered the cartway to be laid out; from this order the respondents, on 3 June, 1918, appealed to the Superior Court.

At September Term, 1918, the Superior Court, *Lyon, J.,* presiding, signed an order granting petitioners leave to amend the petition so as to ask for a public road instead of a cartway, to which order respondents did not ask to enter an exception at the time; petitioners filed an amended petition on 5 October, 1918, and defendants filed an answer to same.

The case was tried at the March Term, 1919, and at this term defendants, for the first time, asked to be allowed to enter an exception to the order signed by the judge at September Term, 1918, and were allowed the exception as of March Term, 1919; this being after they had answered the amended petition.

There was a verdict and a judgment for petitioners. Defendants appealed.

*Neill A. Sinclair and H. L. Cook for plaintiffs.*
*Broadfoot & Broadfoot and Bullard & Stringfield for defendants.*

WALKER, J., after stating the case: We need not consider the case upon its merits, as we are of the opinion that an error was committed in allowing an amendment, so as to convert the petition for a cartway into one for a public road or highway. The case came to the Superior Court, first, by appeal from the board of supervisors, which granted the cartway, to the board of commissioners of the county, and from a like decision of that board to the Superior Court. The board of commissioners acquired only the jurisdiction of the supervisors, before whom the proceeding was begun, and the Superior Court acquired the same jurisdiction. Neither of them had the power to amend the petition so as to change it to one of which the board of supervisors had no jurisdiction. "The board of supervisors shall have the right to lay out and discontinue cartways, and the board of commissioners of the county only shall have the right to lay out and establish and discontinue public roads: *Provided,* that in laying out and establishing roads and cartways, and for the purpose of assessing damage to property by reason of the same, no greater number of jurors than five shall be summoned or be required:

*Provided further,* that either party may appeal from the decision of the board of supervisors to the board of commissioners of the county." Revisal, sec. 2683; Consol. Statutes, vol. 1, pp. 995, 1004, ch. 69, secs. 131, 166; Const., Art. VII., sec. 2. The jurisdiction of the Superior Court was entirely derivative. It acquired only the jurisdiction of the board of supervisors to determine whether a cartway should be established. *McLaurin v. McIntyre;* 167 N. C., 350; *Boyett v. Vaughan,* 85 N. C., 365; *Ijames v. McClamrock,* 92 N. C., 365; *Robeson v. Hodges,* 105 N. C., 49; *S. v. Wiseman,* 131 N. C., 797. The supervisors had no jurisdiction of proceedings for the laying out of a public road. The board of commissioners had no jurisdiction of proceedings for establishing cartways, and did not exercise any such jurisdiction, but confined itself to deciding whether the prayer for a cartway should be granted. The Superior Court had no original jurisdiction over cartways or public roads, and could only acquire such jurisdiction over such a matter by appeal from a body that did have such a jurisdiction. In this case, under all the pertinent authorities, it only acquired, by the appeal, jurisdiction to try and determine the proceedings for a cartway. By the appeal, the sole jurisdiction of the Superior Court was derived through the board of commissioners, from the board of supervisors, whose only jurisdiction was of the proceedings for the cartway. In order to ascertain the precise jurisdiction of the Superior Court, we must, in turn, find out what was the limit of the jurisdiction of the board of supervisors.

The Superior Court was in error when it undertook to enlarge its own jurisdiction, and to enter upon the consideration of a proceeding which was not before it and which was *coram non judice.* Being without the power to extend its own jurisdiction by amendment, the order allowing it was void. But this does not dismiss the case, but merely strikes out the amendment and leaves the proceeding in the condition it was when the order of amendment was made. It is not necessary to consider the other questions as to the time the exception was entered.

It will be, therefore, certified to the Superior Court that there is error, with direction to strike out the order of amendment and reverse all proceedings thereunder, and then to proceed further in the cause, according to the law, to try the issue as to the cartway.

Error.

CLARK, C. J., concurs: That the action should not be dismissed, but as the case goes back to the Superior Court to be tried by a judge and jury, sees no reason why the judgment and verdict already entered should not be affirmed.

This action was begun by petition before the township supervisors for the establishment of "a cartway," who allowed the petition, and on

appeal to the county commissioners the action of the township super-
visors was approved.   On appeal from the county commissioners to the
Superior Court, the judge granted an amendment to ask for a public
road instead of cartway, to which the defendants entered no exception,
but filed an answer on the merits.   The judge had full power to allow
any amendment.   Rev., 1467.   This did not change the nature of the
action, but merely amended the scope of the petition, not by changing
the cause of action, but broadening the relief asked as to this adminis-
trative measure, whether it should be a public road or a cartway.   At
the next term of the Superior Court the defendants raised objection for
the first time to the jurisdiction, though they had filed an answer on the
merits at the previous term.

The object of a trial is to ascertain the facts and the law on the matter
in controversy, and when that controversy has reached a court, such as
the Superior Court, which has full jurisdiction of the matter, and the
relief granted is of the same general nature as the action begun in the
lower court, there can be no sufficient reason why that court should not
proceed to determine the controversy.

When the justice of the peace wrongly takes jurisdiction of a criminal
action, on appeal to the Superior Court the case is not dismissed for want
of jurisdiction in the magistrate, but a bill is sent and the case is tried
*de novo.   S. v. Neal,* 120 N. C., 618.   When the clerk wrongly takes
jurisdiction and the case by appeal or otherwise reaches the Superior
Court, that court has jurisdiction, and Rev., 614, provides that the judge
shall "hear and determine all matters in controversy in such action, and
shall make any amendments whatever," and this was held to be so though
the proceeding before the clerk was a nullity.   *In re Anderson,* 132
N. C., 243; *R. R. v. Stroud, ib.,* 416; *Ewbank v. Turner,* 134 N. C., 81.

In *McMillan v. Reeves,* 102 N. C., 559, *Smith, C. J.,* applied to ap-
peals in civil actions the same rule as in criminal proceedings, and says:
"It is not material to inquire into the question of jurisdiction invoked
in initiating the suit, since any objection on this account is obviated by
the removal of the cause into the Superior Court presided over by the
judge"; saying further, "The court, assuming to exercise jurisdiction,
did possess it fully over the subject-matter of the action and the parties
to it in which they were represented by counsel, and the cause was, in a
strict sense *coram judice,* under the rulings in *West v. Kittrell,* 8 N. C.,
493; and *Boing v. R. R.,* 87 N. C., 360, even without the aid of Laws
1887, ch. 276 (now Rev., 614), which sustains the jurisdiction thus
acquired."   The Chief Justice further said:   "The objection to the
jurisdiction has no force unless the proceeding in its entirety is a nullity,
and it certainly cannot require argument to combat such contention.
*Peoples v. Norwood,* 94 N. C., 167."   In this last case the Court held

that where the parties were before the court it was sufficient, though no summons was served.

In *Boing v. R. R.,* 87 N. C., 363, it was held that where the subject-matter of the action is one of which the court of the justice of the peace and the Superior Court had concurrent jurisdiction, on appeal the latter court will retain jurisdiction, though the proceeding in the court of the justice of the peace was void for irregularity. The ground given is that the case having gotten into the Superior Court, which has jurisdiction, the notice of appeal had the same efficacy as the service of a summons.

As far back as *West v. Kittrell,* 8 N. C., 493, it was held that where a cause was carried to the Superior Court from a lower court the former would retain jurisdiction, if it were a subject-matter of which the Superior Court would have had jurisdiction if the action had been originally instituted in that court. In *S. v. Neal,* 120 N. C., 618, it is said: "The case was tried before a justice of the peace, and the defendant appealed. In the Superior Court a bill of indictment was found by the grand jury and the defendant was tried thereon. Therefore, in any aspect, there was jurisdiction. Whether the court acquired it by the appeal, or had original jurisdiction by the indictment, it is immaterial to decide."

The above cases were cited in the concurring opinion in *S. v. McAden,* 162 N. C., 577, and it was added: "The sole object in serving a summons is to give the defendant notice to come into court. When he has had a trial, on a *bona fide* mistake of jurisdiction by the plaintiff, before a justice of the peace, and the case is tried, on appeal, in the Superior Court, the defendant has really had a more sufficient notice, and is better prepared to try than if he had been originally served with summons to appear in the Superior Court. There can be no good end served by dismissing an action thus brought into the Superior Court by appeal, and requiring the defendant to be again brought into the same court by the service of a summons to try the same case."

There are decisions to the contrary of the above holding that as to appeals in civil cases from a justice that a different rule applies than on appeal from a justice in criminal cases, or from the clerk, in cases where those courts were without jurisdiction, in which cases the Superior Court proceeds to try. There can be no reason why the same rule should not apply in such case as in the other two. The only reason assigned is that the jurisdiction of the Superior Court on appeal from a justice in a civil action is "derivative," but it can be no more so than an appeal from a justice in a criminal action, or an appeal from the clerk, in both of which no such objection obtains.

An examination of the Constitution will show no basis for the doctrine of "derivative jurisdiction" on appeals in civil cases to the Superior Court, but it is simply a survival of the former ideas obtaining, by which

HOLMES *v.* BULLOCK.

so many objections were held jurisdictional. For instance, if an action was brought in the wrong county it was dismissed and the plaintiff was put to the expense of bringing a new action in the other county, because he had guessed wrong as to the venue. In the search for efficiency and economy in the administration of justice, this was remedied by providing that if no objection was made before answering the trial would proceed, and that if it was made in apt time, the action was not dismissed, but simply removed to the proper county.

Formerly there were numerous forms of actions; indeed, Blackstone says that "no one knew their number," but if a party brought an action for debt when it should have been in covenant, or in detinue when it should have been replevin, or if the plaintiff guessed erroneously by using any other form of action than that which the court might deem the correct one, he was dismissed with costs and had to bring the same action, in another form, in the same court, and if he guessed wrong again he went through the same process until he guessed right. Also, there was anothers *pons asinorum* that if a man brought an action at law when it should be a suit in equity, or a suit in equity when it should be an action at law, he was dismissed and had again to come into court to proceed before the same judge, after much loss of time and expense. All these matters have been remedied by simply holding that when the party is in a court which has jurisdiction of the cause, the court will permit such amendments as it deems proper, and will proceed to try the cause of which it has jurisdiction.

As to appeals in criminal actions from the justice or in any case from the clerk, the same common-sense proceeding is followed of proceeding with the trial, irrespective whether the court from which the appeal was taken had jurisdiction or not. There can be no reason for an exception from this general rule in appeals from the justice of the peace in civil actions, or from an administrative board as in this matter of "laying out a road." Whether it was a cartway, or a public road, when the case got into the Superior Court it had full jurisdiction. The judge, as he had full power to do, made the amendment (Rev., 1467), and the defendant not only did not except, but waived the objection by filing an answer. The facts were found by the jury, and the law applied by the court, without any error assigned as to either. Why go over again the same evidence, and apply the same law, in the same court, when it had full jurisdiction of the parties and the subject-matter of laying out public roads, and no error was committed in the trial?

It would seem that the spirit and the letter of the Constitution and the practice obtaining in all other cases would require that the matter having been fully examined into and determined by a court having full jurisdiction and without any error assigned, the judgment should be

Affirmed.